349 So.2d 1219 (1977)
TAYLOR CREEK VILLAGE ASSOCIATION, INC., a Florida Corporation, Appellant,
v.
Leslie HOUGHTON et al., Appellees.
No. 76-1155.
District Court of Appeal of Florida, Third District.
September 20, 1977.
Joe N. Unger, Miami, for appellant.
Horan & Finley and David Paul Horan, Key West, for appellees.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
HENDRY, Chief Judge.
Appellant, defendant-counter-plaintiff below, appeals from a final judgment rendered in favor of appellees, plaintiffs-counter-defendants below.
Appellees' amended complaint for declaratory judgment and injunctive relief sought declaratory relief concerning the applicability of a certain declaration of restrictions placed upon certain mobile homesites by the original developer of the tract, Key Largo Mobile Homesites, Inc. Appellees also sought a permanent injunction requiring appellant to remove all liens placed by it on appellees' property for failure to comply with the provisions of the declaration of restrictions, which required both membership *1220 in, and payment of dues to an association composed of the purchasers of the subdivision lots.
Appellant counterclaimed, asking the court to determine whether it had the right to continue to enforce the declaration of restrictions and whether it could enforce liens placed upon appellees' lots for non-payment of association dues and services.
In a lengthy final judgment containing findings of fact, the learned chancellor ruled, inter alia, that the restrictions were not applicable to appellees' property under the exhibits and testimony presented to the court and discharged the liens placed on said property. The court also ordered that appellees were not required to pay dues for certain recreational and common areas. The applicable findings of fact are as follows:
"The Court heard the testimony of the witnesses and considered the exhibits filed in evidence and finds as follows:
"a. The Declaration of Restrictions filed as Plaintiff's Exhibit No. 1 discloses that the restrictions were placed on record by Key Largo Mobile Homesites, Inc., on May 3, 1966, and imposes restrictions on a subdivision known as Key Largo Mobile Homesites, Inc., recorded in Plat Book 5, at page 103, of the Public Records of Monroe County, Florida. Said Declaration of Restrictions provides that all buyers in said subdivision shall apply and be approved for membership in Mobile Homesites Club of Key Largo, and that said buyer shall buy the lot subject to rules and regulations of the Club, and that the Club shall maintain all recreational and common areas and vacant lots, and dues for this purpose shall be paid to the Club.
"b. Defendant's Exhibit No. 2 discloses a Warranty Deed from Key Largo Mobile Homesites, Inc., to Mobile Homesites Club of Key Largo for a parcel of land which appears not to be in the same subdivision described in the above finding of fact. The Court finds that the said Warranty Deed dated November 15, 1971, conveys a club house tract adjacent to Blocks 12 and 13, Key Largo Mobile Homesites, Plat 4, recorded in Plat Book 6, at page 15, of the Public Records of Monroe County, Florida.
"c. The Court finds that Mobile Homesites Club of Key Largo in turn conveys the same club house tract to Taylor Creek Village Association and provides that the said property conveyed is given together with all the rights and privileges conferred upon it by the Declaration of Restrictions in Plat Book 5, page 103. The Court finds that these restrictions in Plat Book 5 should not impose any restriction on property or property owners other than in said Plat Book 5, page 103."
After carefully reviewing the record, we must agree with the chancellor's ruling that the exhibits placed before the court were insufficient to show that the restrictions of record applied to appellees' lots. It is well settled that a chancellor's findings of fact and conclusions of law come to an appellate court clothed with a presumption of correctness and will not be disturbed unless they are shown to be clearly erroneous. Marx v. Goldfinger, 187 So.2d 380 (Fla.3d DCA 1966).
No such error having been made to appear, the final judgment is hereby affirmed.
Affirmed.