# MUSGROVE, et al. v PINDER and METROPOLITAN DADE COUNTY, etc.

## Case No. 85-079 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

December 12, 1986

### APPEARANCES OF COUNSEL

**Sally M. Richardson** for appellants.

**Simon Ferro** for appellees.

Before RIVKIND, MASTOS, GREENBAUM, JJ.

MARTIN GREENBAUM, Judge.

This matter comes on an appeal by the Appellants, adjoining property owners, of a decision by the Board of County Commissioners to permit an "unusual use" which would allow the Appellees to develop and construct a "religious retreat and family encounters" project on the subject property.

The issue presented on appeal is not one of religious freedom guaranteed by the First Amendment to the Constitution of the United States. The sole issue to be determined is whether or not the record reflects that the actions of the County Commission were "fairly debatable". Peripheral questions are not relevant to the determination. All procedural due processes have been met.

All acts of the lower tribunal are clothed with an air or presumption of correctness that pervades the entire matter appealed. *Taylor Creek Village Association v. Houghton*, 349 So.2d 1219 (Fla. 3d DCA 1977).

The subject test is whether the lower tribunal has met the threshold of the criteria as set forth in *Smith v. City of Miami Beach*, 213 So.2d 281 (Fla. 3d DCA 1968):

> The test used in Florida is whether a particular resolution as applied to a particular piece of property is "fairly debatable", i.e., whether the constitutional test of serving the health, safety, morals, or general welfare of the public, is open to dispute or controversy on grounds that make sense and is fairly debatable; if so, the Court should not substitute its judgment for that of the zoning authority (legislative body). Further still, even though there may be competent evidence against the reasonableness of the resolution, it is only necessary that the resolution be supported by competent substantial evidence to show that the matter is fairly debatable.

The Comprehensive Development General Master Plan, enacted by the County Commission, allocated certain properties and sets forth the boundaries of said properties for the purpose of urban design criteria that would be consistent with the natural growth and development of the county as a whole. The subject property is currently zoned GU, the predominate use being agricultural. The proposed development of the subject property, with what is best characterized as cluster development for a purported social purpose, is totally inconsistent with zoning in the immediate area. By permitting this "unusual use", the County Commission has singled out an area for treatment different from that of similar surrounding land. This action, which is unquestionably spot

zoning, is not in accordance with the Comprehensive Plan and cannot be justified on the basis of health, safety, morals or general welfare of the community.

As a guise for spot zoning the subject property so as to permit the "unusual use", the County Commission has declared this project to be a "religious outreach program" exempt from the development guidelines of the Comprehensive Plan and not subject to review. The County Commission's sole rationale for permitting the "unusual use" was based upon its finding that the project was a religiously oriented program. The record reflects otherwise.

The Petitioner, allegedly a nonprofit corporation that provides so-called family activity programs, in essence and in character does not differ from a private commercial enterprise. Appellees admit that the program will generate income in the form of user fees to be charged to program participants. The record and transcript contain no competent substantive evidence that would support the findings of the Commission or demonstrate that the actions of the Commission were fairly debatable.

The court reverses the decision of the Board of County Commissioners and remands this matter to the Board with instructions to hold such hearings and make such determinations of fact as would be consistent with this opinion.

RIVKIND, J. Dissents with Opinion.

I am of the opinion that the matter being reviewed is fairly debatable and, therefore, the action of the County Commission should be affirmed. Ergo, I dissent.