557 So.2d 102 (1990)
Victor SEIJAS, Appellant,
v.
Maria SEIJAS, Appellee.
No. 89-665.
District Court of Appeal of Florida, Third District.
February 6, 1990.
Taylor, Brion, Buker & Greene, and Arnaldo Velez, Miami, for appellant.
Gino Negretti, Miami, for appellee.
Before COPE, LEVY and GERSTEN, JJ.
GERSTEN, Judge.
This is an appeal by a husband from a final judgment of dissolution of marriage which ordered cancellation and reformation of real estate deeds on the marital home. We affirm.
Prior to their marriage, but while living together, as a courting couple, Victor Seijas (Appellant/Husband) and Maria Seijas (Appellee/Wife) purchased two properties. Ownership of these properties form the basis of this appeal.
Appellant and appellee dispute each other's contributions toward the real estate purchases. Appellant claims to have provided the bulk of the down payment and most of the mortgage payments on one property, the marital home. Appellant also claims to have provided funds for the purchase of the other property, as well as mortgage payments on that property. On the other hand, appellee claims to have provided substantial sums for the purchase of the marital home. Appellee also claims that the second property, which was titled in her name, was purchased exclusively by herself and a mother-in-law from a previous marriage. Both parties have demonstrated having the financial resources to undertake the transactions as each described.
The final judgment ordered that the deed of the marital home, be reformed to reflect title in the names of the husband and wife, jointly, while finding that a quit-claim deed which the wife had executed in favor of the husband, prior to the dissolution action, was null and void because the transfer had been made under duress. The final judgment did not address the second property to which appellant also claimed to have contributed.
The result of the final judgment, therefore, was that appellee retained the second property for herself, and the marital home would be held jointly between the parties until it was sold. Appellee was to remain in possession of the marital home and appellant was to continue making the mortgage payments on the marital home until it was sold. However, he was to receive credit for any mortgage payments which *103 he made on the marital home, subsequent to the judgment but prior to its sale.
One issue is whether the trial court was correct in finding that the transfer of the marital home by quit-claim deed, by the appellee to appellant, had been done under duress. The finding by the trial court that the transfer had been made under duress is a finding of fact which is shielded from attack and presumed correct. See Herzog v. Herzog, 346 So.2d 56 (Fla. 1977) (the finding by trial court that oral agreement in a dissolution of marriage was entered into due to duress was upheld even where the appellate court disagreed with the trial court and would have reached a different conclusion).
The other issue on appeal is the equitable distribution of the properties. The record in this case contains conflicting testimony as to the contributions of the parties in relation to the purchase of the properties. From the record, this court is unable to determine the veracity of each party's allegations. Apart from their unsupported contentions, there is no clear proof of what contributions each party made. The trial court below, having heard witnesses, based its decision on conflicting testimony. The trial court's findings are entitled to the presumption of correctness accorded to trial court judgments where the credibility of witnesses is a factor. See Marsh v. Marsh, 419 So.2d 629 (Fla. 1982); Storer v. Storer, 353 So.2d 152 (Fla. 3d DCA 1977), cert. denied, 360 So.2d 1250 (Fla. 1978); Herzog v. Herzog, 346 So.2d at 58. See also Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Accordingly, we affirm.
LEVY, J., concurs.
COPE, Judge (dissenting).
As the final judgment is internally inconsistent, I would reverse. The judgment purports to declare void a February, 1985 conveyance from third persons (not parties to this litigation) to Maria Seijas. The judgment also declares void a September, 1985 quitclaim deed executed by Maria Seijas in favor of Victor Seijas with respect to the same property, the marital residence. The judgment then goes on to declare Victor and Maria Seijas tenants in common of the same real estate. While the trial court's intention was to treat the marital residence as marital property, the decree in its present form voids all of the conveyances and, at least on the face of the judgment, has the effect of revesting title in the original grantors.[*] The judgment should be reversed and remanded to be modified appropriately.
In addition, the parties are entitled to a special equity reflecting their respective nonmarital contributions to this property. It is undisputed on this record that the husband contributed approximately two-thirds of the consideration from his separate nonmarital property, while the wife contributed one-third from her separate nonmarital property. As the judgment does not correctly reflect the parties' special equities, it should be reversed for that additional reason.
NOTES
[*] In order to void the conveyance from the original grantors to Maria Seijas, the original grantors would have had to be joined as indispensable parties. That was not done.