PER CURIAM.
The appellant, Maritza H. Theriault, challenges a final judgment rendered in connection with her action seeking relief from a fraudulent transaction. We affirm.
This action arose out of a dissolution of marriage action. While the dissolution action was pending, Mrs. Theriault’s husband, James J. Theriault, transferred his fifty percent ownership in Sleuth, Inc., to appellee, Robert A. Bergs. Mr. Bergs’ son owned the remaining fifty percent of the corporation.
Mrs. Theriault, joined by her husband, then filed a supplemental petition for relief from a fraudulent transaction. They alleged that Mr. Theriault had fraudulently made an agreement with Mr. Bergs whereby Mr. Bergs would buy Mr. Theriault’s stock at a greatly reduced price and then resell it to him after the divorce. Mr. Bergs denied that any agreement was made to sell the stock back to Mr. Theriault. Mr. Bergs and Sleuth, Inc., were made parties to the supplemental petition proceedings, which were severed from the dissolution action. Prior to a final decision being rendered, Mr. Theriault *1002 filed a voluntary dismissal of his action in regard to the supplemental petition for relief from a fraudulent transaction. At the conclusion of the hearing on this matter, the trial court ruled against Mrs. Theriault and entered a judgment in favor of Mr. Bergs and Sleuth, Inc. Mrs. Theriault filed a timely notice of appeal.
After reviewing the record on appeal, and after considering the briefs and argument of counsel, we conclude that the trial court did not commit any reversible error in its rulings and that competent, substantial evidence supporting the trial court’s findings and conclusion exists in the record. See Tibbs v. State, 397 So.2d 1120 (Fla.1981). In this case, conflicting evidence was presented to the trial court, and the court resolved the conflict in favor of Mr. Bergs and Sleuth, Inc. A trial court’s factual determinations, especially in regard to witness credibility, will not be disturbed unless they are shown to be clearly erroneous. Taylor Creek Village Ass’n, Inc. v. Houghton, 349 So.2d 1219 (Fla. 3d DCA 1977). See also Seijas v. Seijas, 557 So.2d 102 (Fla. 3d DCA 1990). In this case, although someone else may have reached a different conclusion, the trial court’s findings were not clearly erroneous. We, accordingly, affirm the final judgment.
Affirmed.
PARKER, C.J., and SCHOONOVER and THREADGILL, JJ., concur.