712 So.2d 434 (1998)
James M. STROUD, Appellant,
v.
Michael CROSBY and Noel Crosby, Appellees.
Michael CROSBY and Noel Crosby, Appellants,
v.
James M. STROUD, Appellee.
Nos. 97-00825, 97-02051.
District Court of Appeal of Florida, Second District.
June 5, 1998.
Rehearing Denied July 7, 1998.
*435 Andrew Shaw of Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., Sarasota, for Stroud.
Steven J. Chase of Abel, Band, Russell, Collier, Pitchford & Gordon, Chartered, Sarasota, for Michael and Noel Crosby.
PER CURIAM.
In this consolidated appeal, James Stroud, the seller of a residential lot, appeals the final judgment rescinding the real estate transaction. The purchasers of the lot, Michael and Noel Crosby, cross-appeal the denial of their motion for attorney's fees and costs. We reverse the final judgment because we find no evidence to support the trial court's conclusion that Stroud made any fraudulent misrepresentations. Our reversal on this issue moots the attorney's fee appeal.
The Crosbys sued several parties, including Stroud, when they learned that the residential lot they bought from Stroud was too small for the construction of their residence. The issues at trial were the Crosbys' action for rescission of the sales contract and recovery of costs and fees for Stroud's fraudulent misrepresentations. The trial court found in favor of the Crosbys and entered a final judgment ordering rescission based on the following findings:
[T]he court finds that sufficient evidence exists to rescind the sale of property based on the fraudulent misrepresentations of defendant Stroud. Stroud entered into a contract to sell property knowing that he had previously conveyed a portion of that property to a third party. Plaintiffs relied on Stroud's representation that the property they were purchasing was lot 691. Stroud's conduct at closing did not negate this reliance. In this case, complete justice can be done only by rescinding the deed and restoring the parties to their former positions.
Although the trial court concluded that Stroud made fraudulent misrepresentations to the Crosbys, it did not identify what they were and when or how they were made. See Lance v. Wade, 457 So.2d 1008, 1011 (Fla. 1984) (setting forth elements of fraudulent misrepresentation). We have reviewed the entire record and find none.
The following undisputed testimony was presented at trial. In January 1995, Stroud listed for sale lot 691 in the De Soto Lakes Subdivision in Sarasota, Florida. Stroud previously owned both lots 690 and 691. In August 1992, Stroud sold lot 690 together with a portion of lot 691. The warranty deed conveying lot 690 and the portion of lot 691 was recorded in the public records of Sarasota County on September 1, 1992. The property conveyed by this deed was correctly depicted in a survey prepared by Red Stake Surveyors, dated August 1992. When Stroud listed lot 691 for sale, he advised the listing agent that a portion of lot 691 had previously been sold with lot 690 and he provided the agent with a copy of the Red Stake survey. The MLS listing for the sale of lot 691 portrayed the dimensions of lot 691 as reduced by the 1992 partial conveyance to the owner of lot 690.
The Crosbys became interested in lot 691 after Mrs. Crosby happened to drive by it. A Coldwell Banker sign was on the property. The Crosbys enlisted the help of Maglich Realty to make Stroud an offer. The Crosbys' realtor contacted Stroud's realtor and *436 determined that the asking price was $28,000. Without requesting or obtaining any additional information, the Crosbys asked Maglich Realty to prepare a contract which offered $22,500 for lot 691. The contract was executed by the Crosbys and delivered to Stroud's realtor, who delivered it to Stroud. The Contract for Sale of Real Estate described the property as 4744 San Jose Drive in Sarasota, legally described as lot 691, De Soto Lakes. As often occurs, the full legal description was not included in this document. On February 13, 1995, Stroud signed the contract without changing any of its provisions.
After the contract was signed, the Crosbys retained Ted Boldt to prepare a survey of lot 691. They received the survey on March 14, 1995, and the sale proceeded to closing on March 17, 1995. Prior to the closing, the Crosbys had no contact of any kind with either Stroud or his realtor, aside from the written communication presented in the sales contract. At the closing, the Crosbys were given the 1992 survey prepared by Red Stake Surveyors, which reflected the prior conveyance of a portion of lot 691. The survey prepared by Ted Boldt for the Crosbys did not reflect the partial conveyance of lot 691. The evidence at trial established that, after being presented with the Red Stake survey, Mr. Crosby commented to his wife that their surveyor "missed that." The Crosbys were also presented with the warranty deed and its attached metes and bounds description that excluded the portion of lot 691 previously conveyed. The Crosbys proceeded with the closing.
After the closing, the Crosbys made further inquiries and learned that the property they had purchased, as described in the warranty deed, was lot 691 less the portion previously conveyed with lot 690. The Crosbys contend that Stroud misrepresented the description of the property and defrauded them by not selling what the Crosbys had contracted to buy. The testimony presented by the Crosbys reflects that they assumed they were getting more land than was actually included in Stroud's real estate listing, the sales contract, and the warranty deed, all of which described the same property. However, on the record before us we find no evidence to support a finding that the Crosbys based their erroneous assumptions on any representations made by Stroud or any agent on his behalf.
Because the evidence presented at trial does not support the trial court's finding that Stroud made fraudulent misrepresentations, we reverse the final judgment and remand for further proceedings. See generally Theriault v. Theriault, 697 So.2d 1001, 1002 (Fla. 2d DCA) (holding that an appellate court may disturb a trial court's clearly erroneous factual findings), review denied, 705 So.2d 11 (Fla.1997); Clegg v. Chipola Aviation, Inc., 458 So.2d 1186, 1187 (Fla. 1st DCA 1984) (holding that competent, substantial evidence must support the trial court's resolution of factual conflicts).
Reversed.
THREADGILL, A.C.J., and FULMER and QUINCE, JJ., concur.