547 So.2d 1014 (1989)
Jo Ann SANDERS, Appellant,
v.
Dorsey A. SANDERS, Appellee.
No. 88-1478.
District Court of Appeal of Florida, First District.
August 15, 1989.
Daniel T. O'Connell, Gainesville, for appellant.
Robert E. Roundtree, Jr. of Clayton, Johnston, Quincey, Ireland, Felder, Gadd, Smith & Roundtree, Gainesville, for appellee.
WENTWORTH, Judge.
Appellant, the former wife, seeks review of a final judgment of dissolution entered upon remand, asserting error in the trial court's failure to include stock or proceeds from the sale of a business as a marital asset subject to equitable distribution, and in again distributing the parties' marital assets contrary to directions in the opinion disposing of the prior appeal. We reverse, finding abuse of discretion in the trial court's equitable distribution plan, and error in the failure to include the stock or proceeds from the sale of the business as a marital asset, and in failure to properly *1015 compute and apportion the appreciated value of the husband's inherited farm.
The facts of this case were set out in Sanders v. Sanders, 492 So.2d 705 (Fla. 1st DCA 1986), in which this court reversed the final judgment of dissolution, finding that the distribution plan devised by the court was not reasonable in light of the wife's contributions to the marriage, and remanded for implementation of another plan of equitable distribution including consideration of the enhanced value of the husband's inherited farm and division in the light of contributions of marital funds or labor. Upon remand, the trial court heard testimony of the parties and their experts as to the enhanced value of the farm. The husband's expert testified that the present value of the farm property was $859,600 due primarily to inflation and market conditions, that the value of all improvements made to the farm was $57,200, and that the total enhanced value of the property from marital funds or labor from 1952 to 1985 was $45,750. The wife's expert testified that the present value of the farm property was $492,200, of which $151,464 constituted the current value of improvements made during the marriage. The wife asserted that $189,950 in marital funds were expended on improvements to the farm during the marriage.
Following the hearing, the trial court found that approximately $30,000 in marital funds were spent on improvements to the farm during the marriage, and that the enhanced value of the improvements due to expenditures of marital labor and funds was $60,000, less $20,000 attributable to funds inherited by the husband, for a total of $40,000. The court found that the parties acquired $513,000 in marital assets, but concluded that neither the husband's farm, including its enhanced value, nor a radio telephone business were marital assets on grounds that the wife had contributed little to the enhancement of the farm, and "the conduct of the wife in causing the breakup of the business militates against the shares being considered a marital asset subject to equitable distribution."
The court awarded to the wife proceeds from the sale of the marital home, mortgages received from the sale of that home, the cash surrender value of life insurance policies, $93,500 cash, $50,000 in lump sum alimony, and $500 per month in permanent periodic alimony. The court awarded to the husband title to a 40-acre parcel contiguous to the husband's inherited farm, with a current value of $58,000, the enhanced value of the farm, worth $40,000, a radio tower located on the farm property, proceeds from the sale of the husband's animal hospital, and a KEOGH plan.
As to appellant's first issue, the initial inquiry in determining what assets are marital property should be whether the property was legally and beneficially acquired by both or either of the parties in the course of the marriage. Buttner v. Buttner, 484 So.2d 1265 (Fla. 4th DCA 1986). The record clearly establishes that the parties acquired the radio telephone business in the course of the marriage, and the husband so conceded in his motion for rehearing, which the trial court denied. The trial court therefore erred in excluding the business from the equitable distribution plan.
The distribution plan initially devised by the trial court in this case awarded 72% of the total value of the parties' assets to the husband, and 28% to the wife. Although the trial court upon remand awarded the wife approximately one-half the value of property characterized as marital, the court placed the wife in a position nearly identical to that under the initial distribution plan by improperly shielding some $700,000 in stock and consulting fee proceeds derived from the radio telephone business from equitable distribution, recognizing an appreciation value of only $40,000 in the farm due to marital funds or labor, and in awarding the total enhanced value of the farm to the husband.
The court's computation of the enhanced value of the inherited farm, and its failure to apportion the enhanced value between the parties, did not comply with the prior mandate in this cause. The record on remand does not support the court's determination *1016 of no material contribution by the wife to the enhancement of the farm, and the award of the total enhanced value of the farm to the husband on that rationale was error. As stated in the opinion upon the prior appeal,
the value of the farm property at the time of inheritance by the husband is properly shielded from equitable distribution, together with any reasonable proration of the appreciated value which the husband may show is attributable to causes other than the parties' contribution of marital funds or labor.... [cite omitted]
That language precludes exclusion, on the record herein, of the full value of the farm homestead at the time of dissolution. To the extent that marital funds or labor contributed to such value, disposition should accord with the recognized principle also stated in the former opinion:
... Once an asset is classified as a marital asset, the parties are entitled to an equitable distribution in any increase in value caused by inflation or market conditions. Sanders at 707-8.
The record in this case compels a finding that some portion of the current value of the farm must reasonably be classified as a martial asset. While the trial court did consider the value of improvements made to the farm as a result of the expenditure of marital funds or labor, the order now before us does not properly consider the overall enhanced value of the farm at the time of dissolution. See Turner v. Turner, 529 So.2d 1138, 1141 (Fla. 1st DCA 1988), stating that "[o]nce the threshold requirement of marital labor or funds has been established, increases in value attributable to marital labor, funds, inflation, and market conditions will all apply." The court failed to apportion the enhanced value of the farm so as to exempt from the distribution plan only that part, if any, of the enhanced value shown by evidence before the court to be unrelated to either marital party's management, oversight, or other contribution, but instead due solely to purely passive appreciation of the original asset.
The starting point for apportionment of the enhanced value of a marital asset should be an equal division between the parties. See Mahaffey v. Mahaffey, 401 So.2d 1372 (Fla. 5th DCA 1981). The court's distribution plan should treat the enhanced value of the farm accordingly, excluding only that portion which the husband may establish as exempt under the principles above stated, and effecting any further apportionment only as necessary to do equity between the parties.
We reverse and remand to the trial court for reconsideration of the equitable distribution plan and for further proceedings consistent herewith.
WIGGINTON, J., concurs.
THOMPSON, J., dissents with written opinion.
THOMPSON, Judge, dissenting.
There is competent substantial evidence to support the trial judge's determination and distribution of the marital assets. I would affirm.