551 So.2d 587 (1989)
Barbara A. MASSIS, Appellant,
v.
Radi S. MASSIS, Appellee.
No. 89-806.
District Court of Appeal of Florida, First District.
November 1, 1989.
*588 Linda Miller Soud, of Chinoy & Soud, Jacksonville, for appellant.
William T. Lassiter, Jr., Jacksonville, for appellee.
WENTWORTH, Judge.
Appellant, Barbara Massis, seeks review of a final judgment of dissolution of marriage by which she was denied any interest in the marital home, rehabilitative alimony, and her attorney's fees. Appellee, Radi Massis, received primary residential responsibility for the two minor children of the marriage and child support. We find no abuse of discretion in awarding custody of the children and child support to Mr. Massis, but reverse the trial court's award to Mr. Massis of the entire value of the marital home. We also remand the cause for reconsideration of the issues of rehabilitative alimony and attorney's fees.
The parties had been married eight years at the time of dissolution. During those eight years Mrs. Massis' primary efforts were in caring for the home and family, and helping her husband establish a family grocery business. She worked for the family business full-time or part-time for its first three years of operation, and upon dissolution she received lump sum alimony in an amount representing her contribution to that business. Prior to the marriage Mrs. Massis worked as a cashier at a Publix supermarket, and since the separation and divorce she has returned to this job.
Mr. Massis and his brother purchased the marital residence at a cost of $29,000 three years before the marriage. The appellant and appellee lived in the home during the entirety of their marriage, but at dissolution the home was still titled in the names of Mr. Massis and his brother. Mrs. Massis did some renovation on the house during the marriage, and at dissolution the value of the home had increased by an amount between $15,000 and $28,000. In her petition for dissolution, Mrs. Massis requested that the trial court "equitably distribute the marital property." The trial court noted that because the marital residence was titled in her husband's name and because Mrs. Massis had "neither plead [sic] nor established a special equity" in the marital residence, she was denied any interest in it.
Marital assets are, of course, those assets which have been created or increased in value by the parties' work efforts, services, or earnings. Turner v. Turner, 529 So.2d 1138, 1141 (Fla. 1st DCA 1988). A separately owned non-marital asset may *589 become in part a marital asset when its enhanced value is due to marital funds or labor. Id. For the period when an asset is properly classified as a marital asset, the parties are entitled to an equitable distribution of any increase in value caused by inflation or market conditions. Sanders v. Sanders, 547 So.2d 1014, 1015 (Fla. 1st DCA 1989); Crapps v. Crapps, 501 So.2d 661 (Fla. 1st DCA 1987).
In the present case mortgage payments were made from marital funds on the Massis' marital residence during the eight years of their marriage. In addition, Mrs. Massis has demonstrated that she expended labor and marital funds in maintaining and renovating the home during the marriage. Because the "threshold requirement of marital labor or funds" has been established, some part of the current value of the marital residence is a marital asset, and this part is subject to equitable distribution.
Absent countervailing circumstances the starting point for equitable distribution of the value of a marital asset is a presumptive approximate equal division between the parties. Sanders at 1015; Annotation, Divorce: Equitable Distribution Doctrine, 41 A.L.R. 4th 481 (1985). In apportioning the value, however, the trial court must consider that the non-marital portion of the current value of the house, which is unrelated to either party's management, oversight, or other contribution during the marriage, is subject to exclusion from equitable distribution. Id. The court's distribution plan in this case should therefore treat the current value of the home accordingly (including any enhancement due to inflation or market conditions), excluding only that portion of the value which the husband may establish as exempt because of its character as a non-marital asset. We recognize that there may be disagreement in this context on the issue of burden of proof,[1] and we certify the following question to be one of great public importance:
DOES THE PARTY CLAIMING EXCLUSION OF A PORTION OF THE VALUE OF A MARITAL ASSET, AS EXEMPT FROM EQUITABLE DISTRIBUTION, HAVE THE BURDEN OF PROVING THE VALUE OF THAT NON-MARITAL PORTION OF THE ASSET?
We also remand the cause to the trial court to reconsider the denial of rehabilitative alimony. As the Florida Supreme Court noted in Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980): "The principal purpose of rehabilitative alimony is to establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills." In evaluating the necessity for rehabilitative alimony, a court should consider that:
A person is not self-supporting simply because he or she has a job and income. The standard of living must be compared with the standard established during the course of the marriage... . A court must base an award of alimony to a wife upon the ability of her husband to pay that award and her financial needs in light of the standard of living she enjoyed during the marriage.
Askegard v. Askegard, 524 So.2d 736, 737 (Fla. 1st DCA 1988), citing O'Neal v. O'Neal, 410 So.2d 1369, 1371 (Fla. 5th DCA 1982).
We find that an improper standard in denying Mrs. Massis rehabilitative alimony is indicated by the trial court's conclusion as follows: "Although the Wife now expresses an interest in employment in the real estate area when `things settle down' no evidence was presented as to the Wife's desire to further her education before or during the marriage. Under the circumstances, rehabilitative alimony is not warranted." Upon reconsideration, the trial court should determine if under current circumstances rehabilitative alimony is necessary to provide Mrs. Massis with the *590 ability to support herself in a manner similar to that enjoyed during the marriage, unless that standard is otherwise subject to qualification.
Our final concern lies with the trial court's failure to reserve jurisdiction to determine the reasonableness of Mrs. Massis' attorney's fee. After initially finding that the "Husband has the ability to contribute to the Wife's attorney's fees and costs," the court nevertheless ordered each party to bear the entire cost of his or her own attorney's fee because Mrs. Massis had utilized some marital funds to pay a part of her attorney's fee. Upon remand, the trial court must first determine what amount represents a reasonable fee for Mrs. Massis' attorney. The court can then determine which part of that cost must be borne by each party, based on appropriate considerations.
We reverse the award of the entire value of the marital residence to the husband, and the denial of rehabilitative alimony and attorney's fees, and remand to the trial court for reconsideration of the denial of those issues.
SHIVERS, C.J., and WIGGINTON, J., concur.
NOTES
[1] Zaborowski v. Zaborowski, 547 So.2d 1296, 1297 (Fla. 5th DCA 1989); Bowen v. Bowen, 543 So.2d 1284 (Fla. 2d DCA 1989); Szemborski v. Szemborski, 512 So.2d 987 (Fla. 5th DCA 1987); Reyher v. Reyher, 495 So.2d 797 (Fla. 2d DCA 1986).