PER CURIAM.
This is an unfortunate case in many respects, not the least of which is that the trial court effected a fair result which, nevertheless, requires partial reversal.
On appellant’s first point, the post-trial decision in Robertson v. Robertson, 593 So.2d 491 (Fla.1991), changed the rules under which the parties were warring at trial. On appellant’s second point, Hanks v. Hanks, 553 So.2d 340 (Fla. 4th DCA 1989), and Massis v. Massis, 551 So.2d 587 (Fla. 1st DCA 1989), required that the trial court not treat the New Jersey property entirely as a non-marital asset.
Because of the foregoing, we must reverse the equitable distribution and remand with direction that all of the assets which were distributed by the final judgment— not just those involved in points I and II on appeal — be equitably distributed again to achieve — again and at further expense to the warring parties — another equally fair result but this one which is also based on the above governing authorities.
We affirm all of the other actions of the trial court, including the award of permanent alimony.
On remand, the trial court may, if it wishes, take further testimony as needed because of the reversal, lamentably, in light of the plunging estate occasioned by the parties’ war.
GLICKSTEIN, C.J., and ANSTEAD, J., concur.
POLEN, J., concurs specially with opinion.