651 So.2d 1306 (1995)
Brenda Gayle Batton STEVENS, Appellant,
v.
Edward Brian STEVENS, Appellee.
No. 93-1077.
District Court of Appeal of Florida, First District.
March 17, 1995.
*1307 Wm. Bruce Muench of Wm. Bruce Muench, P.A., Jacksonville, for appellant.
Stephen H. Donohoe of Donohoe and Kendrick, Jacksonville, for appellee.
BENTON, Judge.
The former wife urges as error the trial court's failure to treat as a marital asset any portion of an encumbered parcel of real estate her former husband brought into the marriage; the judgment's scheme of equitable distribution generally; the amount and duration of the rehabilitative alimony the trial court awarded her; and the failure of the trial court to require her former husband to pay her attorney's fees and costs for the dissolution proceeding. We conclude that the trial court erred in failing to award the appellant all of the reasonable attorney's fees and trial costs she incurred; and in failing to award the appellant an equitable portion of the appreciated value of the non-marital real property.
At the time of his marriage to Ms. Batton, Mr. Stevens owned improved real property (the Robbie Road parcel) which he had mortgaged to secure a debt of $20,000. After the marriage, the couple lived first on the Robbie Road property, then elsewhere. During the marriage, as before, Mr. Stevens' income was the source of all mortgage payments. Mrs. Stevens did not work outside the home during the marriage. Title to the Robbie Road property remained at all times in Mr. Stevens' name only. The trial court found that the Robbie Road parcel was not a marital asset, and did not include the property or any portion of its value in the plan of equitable distribution.
Equitable distribution of marital assets should take into account the appreciated value of a non-marital asset caused by the expenditure of marital funds or labor, including the parties' management, oversight, or contribution to principal, Young v. Young, 606 So.2d 1267, 1270 (Fla. 1st DCA 1992); Massis v. Massis, 551 So.2d 587, 589 (Fla. 1st DCA 1989), as well as an appropriate portion of any appreciation of a non-marital asset caused by the effects of inflation and market conditions, where "some portion of the current value ... must reasonably be classified as a marital asset." Sanders v. Sanders, 547 So.2d 1014, 1016 (Fla. 1st DCA 1989).
An asset brought by one party to a marriage, which appreciates during the course of the marriage, solely on account of inflation or market conditions, becomes in part a marital asset, if it is encumbered by indebtedness which marital funds service. Each spouse's income is deemed marital funds. Here the trial court erred in excluding from the equitable distribution plan the entire amount by which the Robbie Road property appreciated in value during the marriage, since marital funds were used to make the mortgage payments and pay the taxes. The appreciation, if any, should be allocated between the parties by a "reasonable proration of the appreciated value." Sanders, 547 So.2d at 1016.
If a separate asset is unencumbered and no marital funds are used to finance its acquisition, improvement, or maintenance, no portion of its value should ordinarily be included in the marital estate, absent improvements effected by marital labor. If an asset is financed entirely by borrowed money which marital funds repay, the entire asset should be included in the marital estate. In general, in the absence of improvements, the portion of the appreciated value of *1308 a separate asset which should be treated as a marital asset will be the same as the fraction calculated by dividing the indebtedness with which the asset was encumbered at the time of the marriage by the value of the asset at the time of the marriage. If, for example, one party brings to the marriage an asset in which he or she has an equity of fifty percent, the other half of which is financed by marital funds, half the appreciated value at the time of the petition for dissolution was filed, § 61.075(5)(a)2, Fla. Stat. (1993), should be included as a marital asset. The value of this marital asset should be reduced, however, by the unpaid indebtedness marital funds were used to service.
We approve the equitable distribution awarded by the trial court, as far as it went, and do not believe that it should be disturbed. But we believe a sum of money representing an equitable portion of the value of the Robbie Road property should be awarded the former wife. On remand, the trial court should require the former husband to pay the former wife one-half the amount by which either party's management, oversight, or other contribution during the marriage enhanced the value of the Robbie Road parcel, together with a sum representing a reasonable portion of the property's appreciation in value, if any, on account of inflation or market forces. In all other respects, we affirm the trial court's judgment and the order denying rehearing.
Whether attorney's fees and costs in a dissolution proceeding should be awarded depends on the awardee's need and the other party's ability to pay. § 61.16, Fla. Stat. The record indicates that Mr. Stevens earns almost $50,000 per year, while the appellant is not employed; and that his assets greatly exceed in value her modest possessions. In these circumstances, the failure to award the former wife all of the reasonable attorney's fees and costs she incurred is an abuse of discretion. On remand, the trial court should, in accordance with section 61.16, Florida Statutes (1991), require the former husband to pay the former wife's attorney's fees and costs.
AFFIRMED IN PART; REVERSED IN PART.
BOOTH, J., concurs.
ALLEN, J., concurs in part and dissents in part.
ALLEN, Judge, concurring in part and dissenting in part.
I agree with the majority that the trial judge erred in his determination that no part of the value of the Robbie Road property should be treated as a marital asset. See, e.g., Massis v. Massis, 551 So.2d 587 (Fla. 1st DCA 1989). I respectfully disagree, however, with the majority's "general" rule as to how a trial court should compute the portion of the value of an otherwise non-marital property which should be treated as marital property by virtue of the fact that marital funds have been used to make payments on a mortgage encumbering the property. I am of the view that the rule announced by the majority will often lead to inequitable results and will unnecessarily limit the discretion of trial courts in fashioning remedies appropriate to the particular circumstances of individual cases.
I also disagree with the majority's conclusion that the trial court erred in failing to award the wife all of her attorney's fees and costs. In fact, the trial court did order the husband to pay a substantial portion of the wife's attorney's fees. The husband's financial affidavit indicated that he would be required to support himself and his two children on less than $2,000 per month after payment of payroll taxes and alimony. In these circumstances, I am unwilling to say that the trial judge abused his discretion in failing to require the husband to pay more of the wife's attorney's fees and costs.