669 So.2d 1110 (1996)
Delbert SPENCE, Appellant,
v.
Mary SPENCE, Appellee.
No. 95-982.
District Court of Appeal of Florida, First District.
March 19, 1996.
*1111 Stephen S. Poche, Shalimar, for Appellant.
Joseph D. Lorenz, Fort Walton Beach, for Appellee.
PER CURIAM.
This cause is before us on appeal and cross-appeal from an order of the trial court dissolving the parties' marriage, determining and distributing the parties' marital assets and liabilities, and ordering Former Husband to pay rehabilitative alimony and a portion of Former Wife's attorney's fees. Finding merit to most of the issues raised, we reverse and remand.
In the equitable distribution plan, the trial court awarded Former Husband a majority of the marital assets, none of which were income producing, and all of the marital liabilities.[1] This left Former Husband with a net worth of negative $18,700 and Former Wife with a net worth of $7,500. The trial court made no findings justifying this unequal distribution; therefore, we reverse and remand. § 61.075, Fla.Stat.; Taber v. Taber, 626 So.2d 1089 (Fla. 1st DCA 1993); Collinsworth v. Collinsworth, 624 So.2d 287 (Fla. 1st DCA 1993); Kirkland v. Kirkland, 618 So.2d 295 (Fla. 1st DCA 1993).
Additionally, we find reversible error in two other aspects of the trial court's equitable distribution. First, it erred in finding the family farm to be the nonmarital property of Former Husband without considering the evidence presented that all debts on the farm were being paid from marital funds. Such evidence shows that the farm, or at least a portion of it, was a marital asset subject to equitable distribution. § 61.075, Fla.Stat.; Berki v. Berki, 636 So.2d 532 (Fla. 5th DCA), rev. denied, 645 So.2d 450 (Fla. 1994); Massis v. Massis, 551 So.2d 587 (Fla. 1st DCA 1989); Turner v. Turner, 529 So.2d 1138 (Fla. 1st DCA 1988). We affirm, however, that part of the final order nullifying the transfer of the farm deed into both parties' names. There is competent, substantial evidence in the record to support the trial court's finding that Former Wife, in effect, deceived Former Husband into the transfer. § 61.075(1)(j), Fla.Stat.; see Seijas v. Seijas, *1112 557 So.2d 102 (Fla. 3d DCA 1990). Second, the trial court erred in determining and distributing an $18,000 debt (Geneva Bank note) to Former Husband. The existence of this debt is not supported by the evidence, as Former Husband testified at trial that the note had been paid by funds from a certificate of deposit. On remand, the trial court shall address these issues and redistribute the marital property, if necessary.
We also reverse and remand the award of rehabilitative alimony because the trial court failed to make any findings justifying the award. Collinsworth, supra. If, on remand, the trial court finds that rehabilitative alimony is still appropriate, it may revisit the amount and length of payments. If the trial court finds that rehabilitative alimony is not appropriate, it may reconsider an award of permanent periodic alimony.
Finally, the award of attorney's fees is reversed because the trial court failed to determine that Former Husband had the ability to pay the amount ordered. On remand, the trial court shall reconsider the financial resources of both parties and revisit this matter.
Any remaining issues raised, but not addressed herein, are affirmed.
AFFIRMED in part, REVERSED and REMANDED in part.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.
NOTES
[1] The trial court found that the value of the parties' ostrich breeding business was "minimal and based on too many contingencies, i.e., their survival and ability to produce."