LABARGA, J.
 

 This case is before the Court for review of the decision of the Second District Court of Appeal in
 
 Kaaa v. Kaaa,
 
 9 So.3d 756 (Fla. 2d DCA 2009). The district court certified that its decision is in direct conflict with the decision of the First District Court of Appeal in
 
 Stevens v. Stevens,
 
 651 So.2d 1306 (Fla. 1st DCA 1995). We have jurisdiction.
 
 See
 
 art. V, § 3(b)(4), Fla. Const. In order to resolve the conflict between these cases, this Court must determine whether and under what circumstances the passive appreciation of a marital home that is deemed nonmarital real property is subject to equitable distribution under section 61.075(5)(a)(2), Florida Statutes (2007). For the reasons expressed below, we conclude that contingent upon certain findings of fact by the trial court, passive appreciation of the marital home that accrues during the marriage is subject to equitable distribution even though the home itself is a nonmarital asset. We quash the Second District’s decision in
 
 Kaaa,
 
 and approve the First District’s decision in
 
 Stevens
 
 to the extent that it is consistent with this
 
 *869
 
 opinion. We begin by explaining the factual and procedural posture of this case and then conduct our analysis of the certified conflict.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 Katherine and Joseph Kaaa married in 1980. For the next twenty-seven years, they resided in a home in Riverview, Florida, that Joseph Kaaa purchased about six months before the Kaaas’ marriage. Joseph Kaaa purchased the home for $86,500 and made a $2000 down payment.
 
 [1]
 
 During the marriage, marital funds were used to pay down the mortgage as well as to improve the home by renovating the carport. Although the home was refinanced multiple times during the marriage, Katherine Kaaa was never granted an interest in the property. At the Kaaas’ final dissolution hearing in 2007, they stipulated that the current fair market value of their marital home was $225,000, and the remaining mortgage balance was $12,871.46. In its final judgment, the trial court found that the marital home was Joseph Kaaa’s non-marital real property, the mortgage balance had been reduced by $22,279, and the carport renovation increased the value of the home by $14,400. According to the trial court, the total enhancement value of the home (and the amount subject to equitable distribution) was $36,679. Concluding that Katherine Kaaa was entitled to equitable distribution of only the enhancement value of the marital home, the trial court awarded Katherine Kaaa an equalizing payment in the amount of $18,339.50, and ordered Joseph Kaaa to pay her this amount.
 

 Katherine Kaaa appealed the award to the Second District Court of Appeal. Her sole argument was that the value of the passive appreciation of the marital home that accrued during the marriage was subject to equitable distribution. Relying on its decision in
 
 Mitchell v. Mitchell,
 
 841 So.2d 564 (Fla. 2d DCA 2003), the Second District affirmed the judgment of the trial court and held that Katherine Kaaa was not entitled to equitable distribution of the value of the home’s passive appreciation. However, the district court also certified direct conflict with
 
 Stevens,
 
 a decision from the First District Court of Appeal.
 

 ANALYSIS
 

 We frame the question of law before us as follows:
 

 When a marital home constitutes non-marital real property, but is encumbered by a mortgage that marital funds service, is the value of the passive, market-driven appreciation of the property that accrues during the course of the marriage deemed a marital asset subject to equitable distribution under section 61.075(5)(a)(2), Florida Statutes (2007).
 

 Because this is a pure question of law, our standard of review is de novo.
 
 See D’Angelo v. Fitzmaurice,
 
 863 So.2d 311, 314 (Fla.2003) (stating that the standard of review for pure questions of law is de novo). As we explain below, we answer this question in the affirmative. First, we discuss the applicable statute, section 61.075(5)(a)(2), Florida Statutes (2007). Second, we discuss
 
 Stevens
 
 and
 
 Kaaa,
 
 respectively. Third, we discuss the proper method for calculating and allocating an award of passive appreciation.
 

 
 *870
 

 Section 61.075(5)(a)(2), Florida Statutes (2007)
 

 [2]
 

 The dissolution of a marriage in Florida is governed by chapter 61 of the Florida Statutes. Particularly relevant to our analysis is section 61.075, which addresses the “[e]quitable distribution of marital assets and liabilities.” This section expressly provides what constitutes both “marital assets and liabilities” and “non-marital assets and liabilities.” Moreover, the statute provides that “in distributing the marital assets and liabilities between the parties, [absent a justification for an unequal distribution,] the court must begin with the premise that the distribution should be equal.” § 61.075(1), Fla. Stat. (2007). The statutory definition of “marital assets and liabilities” contained in section 61.075(5)(a)(2) provides in relevant part:
 

 61.075 Equitable distribution of marital assets and liabilities.—
 

 [[Image here]]
 

 (5) As used in this section:
 

 (a) “Marital assets and liabilities” include:
 

 [[Image here]]
 

 2. The enhancement in value and
 
 appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds
 
 or other forms of marital assets, or both....
 

 (Emphasis added.) This language clearly provides that under certain circumstances, the appreciation of a nonmarital asset is indeed a marital asset. We reject Joseph Kaaa’s argument that passive appreciation is not encompassed by the language in this section, and we conclude that the passive appreciation of a nonmarital asset, such as the Kaaa’s marital home, is properly considered a marital asset where marital funds or the efforts of either party contributed to the appreciation. Such findings are to be made by the trial court based on evidence presented by the parties. Although the district courts in
 
 Stevens
 
 and
 
 Kaaa
 
 applied section 61.075(5)(a)(2) in their analyses, they arrived at different conclusions about whether the passive appreciation of the respective marital homes constituted a marital asset. We address each case in turn.
 

 Stevens
 

 Although the Second District concluded that the value of the passive appreciation of the Kaaas’ home that accrued during the marriage was not subject to equitable distribution, the First District concluded otherwise on similar facts in
 
 Stevens,
 
 and held that “the trial court erred ... in failing to award the appellant an equitable portion of the appreciated value of the non-marital real property.”
 
 Stevens,
 
 651 So.2d at 1307. In
 
 Stevens,
 
 the husband purchased real property and acquired a $20,000 mortgage debt before he married. During the first part of their marriage, the husband and wife lived on the property. The wife, who never worked outside of the home during the marriage, was never added to the title, and only the husband’s income was used to pay the mortgage. The trial court concluded that the property was the husband’s nonmarital asset and did not award the wife any portion of the value of the property’s passive appreciation. The First District reversed the trial court’s failure to award the wife a portion of the passive appreciation, stating that “[a]n asset brought by one party to a
 
 *871
 
 marriage, which appreciates during the course of the marriage, solely on account of inflation or market conditions, becomes in part a marital asset, if it is encumbered by indebtedness which marital funds service.”
 
 Id.
 
 at 1307. The court concluded that “the trial court erred in excluding from the equitable distribution plan the entire amount by which the ... property appreciated in value during the marriage, since marital funds were used to make the mortgage payments and pay the taxes.”
 
 Id.
 
 The district court rejected the argument that because only the husband’s income paid the mortgage, the wife was not entitled to a portion of the value of the passive appreciation. The court noted that each spouse’s funds are to be considered marital funds, and concluded that because marital funds were used to pay the mortgage and other obligations, the court should have awarded the wife a “reasonable proration of the appreciated value.”
 
 Id.
 
 (quoting
 
 Sanders v. Sanders,
 
 547 So.2d 1014, 1016 (Fla. 1st DCA 1989)). We agree with the reasoning in
 
 Stevens
 
 to the extent that it concludes that the payment of the
 
 mortgage
 
 with marital funds subjected the passive appreciation to equitable distribution. However, we emphasize here that it is the passive appreciation in the value of the home that is the marital asset, not the home itself. As the First District Court of Appeal has noted, “improvements or expenditures of marital funds to a non-marital asset does not transform the entire asset into a marital asset; rather, it is only the ‘enhancement in value and appreciation’ which becomes a marital asset.”
 
 Martin v. Martin,
 
 923 So.2d 1236, 1238-39 (Fla. 1st DCA 2006) (quoting
 
 Strickland v. Strickland,
 
 670 So.2d 142, 143 (Fla. 1st DCA 1996)). Moreover, we emphasize that the trial court must make a finding of fact that the non-owner spouse made contributions to the nonmarital property during the course of the marriage. While these contributions need not be strictly monetary and may include marital funds or the efforts of either party, they must enhance the value of the property.
 

 Kaaa
 

 In
 
 Kaaa,
 
 the Second District noted that “marital funds were the source of virtually all of the monies used to service the mortgages on the property and the various expenses associated with it.”
 
 Kaaa,
 
 9 So.3d at 759. Moreover, the district court noted that the application of
 
 Stevens
 
 to the facts in
 
 Kaaa
 
 would have produced a different result. The district court said:
 

 Under the First District’s approach in
 
 Stevens,
 
 the Wife [Katherine Kaaa] would be entitled to equitable distribution of a share of substantially all of the passive appreciation in the Riverview property during the course of the parties’ twenty-seven-year marriage. However, under
 
 Mitchell,
 
 the Wife is not entitled to any portion of the considerable passive appreciation in the value of the property.
 

 Kaaa,
 
 9 So.3d at 759. While the trial court and district court correctly concluded that the Kaaas’ marital home is nonmarital real property, the value of the passive appreciation of the property that accrued during the marriage is a marital asset because (1) the value of the home appreciated during the marriage while marital funds were being used to pay the mortgage, and (2) Katherine Kaaa made contributions to the home. Because paying the mortgage is a prerequisite to enjoying the appreciation in value of the marital home, we conclude that principles of equity do not allow an owner spouse to receive the full benefit of the passive appreciation when the nonowner spouse contributed to the property, and marital funds were used to pay the mortgage. Such inequities
 
 *872
 
 must be balanced by the trial court making specific factual findings regarding the contributions of the nonowner spouse and the relationship of those contributions to the passive appreciation of the property.
 

 Determining an Award of Passive Appreciation
 

 We now turn to the method that a trial court should employ as it determines whether a nonowner spouse is entitled to a share of the passive appreciation and calculates the proper allocation. We note that the trial court’s task in this regard is an extremely fact-intensive one, and there are certain steps that each court must take. First, the court must determine the overall current fair market value of the home. Second, the court must determine whether there has been a passive appreciation in the home’s value. Third, the court must determine whether the passive appreciation is a marital asset under section 61.075(5)(a)(2). This step must include findings of fact by the trial court that marital funds were used to pay the mortgage and that the nonowner spouse made contributions to the property. Moreover, the trial court must determine to what extent the contributions of the nonowner spouse affected the appreciation of the property. Fourth, the trial court must determine the value of the passive appreciation that accrued during the marriage and is subject to equitable distribution. Fifth, after the court determines the value of the passive appreciation to be equitably distributed, the court’s next step is to determine how the value is allocated. Based on the circumstances of this case, we approve the methodology in
 
 Stevens,
 
 which addresses the disposition of nonmar-ital real property assets and provides the following method for determining how the appreciated value is to be allocated:
 

 If a separate asset is unencumbered and no marital funds are used to finance its acquisition, improvement, or maintenance, no portion of its value should ordinarily be included in the marital estate, absent improvements effected by marital labor. If an asset is financed entirely by borrowed money which marital funds repay, the entire asset should be included in the marital estate. In general, in the absence of improvements,
 
 the portion of the appreciated value of a separate asset which should be treated as a mantal asset will be the same as the fraction calculated by dividing the indebtedness with which the asset was encumbered at the time of the marriage by the value of the asset at the time of the marriage.
 
 If, for example,
 
 one
 
 party brings to the marriage an asset in which he or she has an equity of fifty percent, the other half of which is financed by marital funds, half the appreciated value at the time of the petition for dissolution was filed, § 61.075(5)(a) 2, Fla. Stat. (1993), should be included as a marital asset. The value of this marital asset should be reduced, however, by the unpaid indebtedness marital funds were used to service.
 

 Stevens,
 
 651 So.2d at 1307-08 (emphasis added). Applying this language from
 
 Stevens
 
 to
 
 Kaaa,
 
 we note that the home was financed almost entirely by borrowed money that was repaid almost entirely by marital funds. Moreover, there appears to be ample evidence in the record of contributions made by Katherine Kaaa that affected the passive appreciation of the home’s value.
 

 In sum, when a marital home constitutes nonmarital real property, but is encumbered by a mortgage that marital funds service, the value of the passive, market-driven appreciation of the property that accrues during the course of the mar
 
 *873
 
 riage is a marital asset subject to equitable distribution under section 61.075(5)(a)(2), Florida Statutes (2007). For the foregoing reasons, we quash the Second District’s decision in
 
 Kaaa
 
 and approve the First District’s decision in
 
 Stevens.
 
 Consequently, we remand this case for proceedings consistent with this opinion.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.
 

 . In 2008, section 61.075, Florida Statutes, was amended to include a new subsection (5). What was section 61.075(5)(a)(2) in 2007 is now section 61.075(6)(a)(l)(b). The language, however, is substantively unchanged.
 

 [1]
 

 . There is a conflict in the evidence regarding whether Katherine Kaaa contributed $500 toward the down payment, or whether Joseph Kaaa paid the entire $2000. While this issue may be relevant on remand to the trial court, it does not affect our analysis of the question of law before this Court.