STEVENSON, J.
This appeal arises out of a final judgment of dissolution of marriage. Thomas John Burton, Sr. (“Husband”) has raised three issues on appeal, while Linda Burton (“Wife”) has raised four issues on cross-appeal. We find merit in two points raised by Husband, which warrant reversal and remand. The final judgment is affirmed in all other respects.

Life Insurance

In accordance with section 61.08(3), Florida Statutes (2011), the trial court ordered Husband to purchase life insurance to secure the payment of alimony. However, when ordering a party to purchase life insurance, “the trial court must make specific evidentiary findings regarding the availability and cost of insurance, the obligor’s ability to pay, and the special circumstances that warrant the requirement for security of the obligation.” Foster v. Foster, 83 So.3d 747, 748 (Fla. 5th DCA 2011). The trial court did not make these required findings. Accordingly, we reverse and remand to the trial court to make the requisite findings.

Passive Appreciation of Non-Marital Property

The trial court also erred when, in determining equitable distribution, it did not consider the passive appreciation of Wife’s non-marital North Carolina property. As part of equitable distribution, Husband was awarded $6783, which was a credit for one-half of the mortgage payments made during the marriage. At the time Wife originally purchased the property, it was worth approximately $13,500. In their Joint Pretrial Statement, the parties stipulated that the property was currently worth $46,837. Although Husband did not make any improvements to the property, a portion of the appreciated value should have been included as a marital asset.
As noted by the Florida Supreme Court:
“[I]n the absence of improvements, the portion of the appreciated value of a separate asset which should be treated as a marital asset will be the same as the fraction calculated by dividing the indebtedness with which the asset was encumbered at the time of the marriage by the value of the asset at the time of the marriage. If, for example, one party brings to the marriage an asset in which he or she has an equity of fifty percent, the other half of which is financed by marital funds, half the appreciated value at the time of the petition for dissolution was filed should be included as a marital asset. The value of this marital asset should be reduced, however, by the unpaid indebtedness marital funds were used to service.”
Kaaa v. Kaaa, 58 So.3d 867, 872 (Fla.2010) (quoting Stevens v. Stevens, 651 So.2d 1306, 1307-08 (Fla. 1st DCA 1995) (citation omitted)). The trial court, here, did not perform the above calculation. Further, Wife concedes the trial court was presented with insufficient evidence to properly determine the amount of indebtedness encumbering the property at the time of the marriage. Accordingly, we reverse and remand to the trial court to conduct further proceedings consistent with Kaaa.

Affirmed in part and reversed in part.

WARNER and GERBER, JJ., concur.