IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5851

JAMES E. BALLARD,
HUSBAND,

     Appellant,

v.

MELISSA G. BALLARD, WIFE,

     Appellee.

_____/

Opinion filed August 7, 2014.

An appeal from the Circuit Court for Okaloosa County.
John Gontarek, Judge.

Joseph D. Lorenz, Fort Walton Beach, for Appellant.

Michael R. Gates, Shalimar, for Appellee.

PER CURIAM.

     James E. Ballard appeals and Melissa G. Ballard cross-appeals a final

judgment of dissolution of marriage in which the trial court determined issues of

equitable distribution, alimony, child support, and attorney's fees. We affirm in

part, reverse in part, and remand for further proceedings.

*Equitable Distribution*

The trial court abused its discretion by including within the equitable distribution scheme certain furniture that belonged to the husband before the marriage, which the wife does not dispute.

The court also abused its discretion by including $42,012 from the Eglin Federal Credit Union account that had been significantly diminished by the time of trial, without any finding that the husband had used the assets improperly. The husband testified that he had used $20,000 from the account during the proceedings to pay his attorney, and the trial court acknowledged in the final judgment that the husband claimed there were no longer any funds in the account. Sums that have been diminished during dissolution proceedings for purposes reasonably related to the marriage, such as attorney's fees for the dissolution, should not be included in an equitable distribution scheme unless there is evidence that one spouse intentionally dissipated the asset for his or her own benefit and for a purpose unrelated to the marriage. See, e.g., Zvida v. Zvida, 103 So. 3d 1052 (Fla. 4th DCA 2013). In that event, the trial court must make a specific finding of intentional misconduct. Id. at 1055. Accord Lopez v. Lopez, 135 So. 3d 326 (Fla. 5th DCA 2013); Bateh v. Bateh, 98 So. 3d 750 (Fla. 1st DCA 2012); Akers v. Akers, 582 So. 2d 1212 (Fla. 1st DCA 1991); Bush v. Bush, 824 So. 2d 293 (Fla. 4th DCA 2002).

We affirm without comment the court's valuation of the wife's 2008 Dodge Caravan based upon its trade-in value, and the bank balance and value of inventory from the husband's gun business as stated on his financial affidavit.

The trial court erred as a matter of law when it construed Kaaa v. Kaaa, 58 So. 3d 867 (Fla. 2011), to exclude the amounts the parties paid down on the mortgage as a marital asset. When marital assets are used during the marriage to reduce the mortgage on non-marital property, the increase in equity is a marital asset subject to equitable distribution. See, e.g., Gaetani-Slade v. Slade, 852 So. 2d 343 (Fla. 1st DCA 2003); Spence v. Spence, 669 So. 2d 1110 (Fla. 1st DCA 1996); Massis v. Massis, 551 So. 2d 587 (Fla. 1st DCA 1989); Henry v. Henry, 113 So. 3d 897 (Fla. 2d DCA 2013); Dwyer v. Dwyer, 981 So. 2d 1254 (Fla. 2d DCA 2008); Mitchell v. Mitchell, 841 So. 2d 564 (Fla. 2d DCA 2003); Cole v. Roberts, 661 So. 2d 370 (Fla. 4th DCA 1995); Adkins v. Adkins, 650 So. 2d 61 (Fla. 3d DCA 1994).

The decision in Kaaa did not affect this general rule, and, in fact, it left undisturbed a holding from the lower court based on this general rule. The only question at issue in Kaaa was whether passive appreciation in the value of non-marital property by market forces alone constitutes a marital asset subject to distribution, and the court concluded that it does.

In Kaaa, the parties resided during their marriage in the home the husband had purchased before the marriage. They used marital funds to pay down the mortgage and to renovate the carport, and the latter slightly increased the value of the home. The trial court determined that the mortgage reduction and increased value of the carport constituted an "enhancement value" that was subject to equitable distribution, but that the significant passive appreciation in the value of the home due to market forces was not. The Second District affirmed but certified conflict with this court's decision in Stevens v. Stevens, 651 So. 2d 1306 (Fla. 1st DCA 1995). In Stevens, this court had concluded that *both* types of increased value should be equitably distributed.

> Equitable distribution of marital assets should take into account the appreciated value of a non-marital asset caused by the expenditure of marital funds or labor, including the parties' management, oversight, or *contribution to principal, as well as* an appropriate portion of any appreciation of a non-marital asset caused by the effects of inflation and market conditions[.]

Id. at 1307 (emphasis added).

The supreme court in Kaaa agreed with this court in Stevens and reversed the Second District's decision in Kaaa. Neither the Second District nor the supreme court in Kaaa disturbed the trial court's determination that the increase in equity resulting from paying down the mortgage with marital funds constitutes a marital asset subject to equitable distribution.

4

*Alimony*

The husband fails to show that the trial court abused its discretion by imputing income to him when denying his request for alimony. In fact, the court did not impute income to him, but instead merely found that his retirement was voluntary and that he has a greater earning capacity than the wife.

Nor was the trial court required to make findings of fact supporting its denial, beyond its finding that neither party had an actual need for alimony or maintenance, as required by section 61.08(1), Florida Statutes (2012). The court would have been required to make findings based upon the factors in section 61.08(2) only if the court had concluded that one of the parties was entitled to alimony. See, e.g., Broemer v. Broemer, 109 So. 3d 284 (Fla. 1st DCA 2013).

*Child Support*

The trial court abused its discretion in awarding retroactive child support to the wife without taking into account that the husband had paid some of the children's health insurance premiums. The trial court acknowledged in the final judgment, and the wife concedes on appeal, that the husband paid for the children's health insurance between July and December 2012. The trial court should have deducted the amount the husband paid from the retroactive child support he owes the wife.

The trial court also abused its discretion by determining the amount of the husband's child support obligation without imputing income to him. Section 61.30(2)(b), Florida Statutes (2012), provides that "[m]onthly income *shall be imputed* to an unemployed or underemployed parent if such unemployment or underemployment *is found by the court to be voluntary on that parent's part*, absent a finding of fact by the court of physical or mental incapacity or other circumstances over which the parent has no control." The trial court expressly found in the final judgment "that the Husband's retirement from Civil Service in April 2012 was voluntary," and that he "did not present any medical testimony that his retirement was not voluntary." Having made these findings, the court was required to go through the process outlined in the remainder of subparagraph (2)(b) to determine the amount of income to impute to the husband. See Hentze v. Denys, 88 So. 3d 307, 311 (Fla. 1st DCA 2012). See also Cash v. Cash, 122 So. 3d 430 (Fla. 2d DCA 2013); Burkhardt v. Bass, 711 So. 2d 158 (Fla. 4th DCA 1998).

Because the trial court will be reconsidering the division of property based upon these issues on remand, the parties' need for and ability to pay attorney's fees will require reconsideration as well.

Affirmed in Part, Reversed in Part and Remanded.

PADOVANO, WETHERELL, and MAKAR, JJ., CONCUR.