IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

GEORGE C. HARRIS,

      Appellant,

 v.                                         Case No.  5D15-3993

ANITA HARRIS,

      Appellee.

_____/

Opinion filed December 2, 2016

Appeal from the Circuit Court
for Marion County,
Anthony M. Tatti, Judge.

Barry P. Burnette, of Barry P. Burnette,
P.A., Tavares, for Appellant.

No Appearance for Appellee.


EDWARDS, J.

      George C. Harris ("Former Husband") appeals the final judgment of dissolution of marriage from Anita Harris ("Former Wife").  Former Husband raises two issues.  First, he argues that the trial court erred by considering Former Wife's voluntary support of her grandson and daughter from another relationship as part of Former Wife's need for alimony.  Second, Former Husband argues that the trial court erred by failing to properly

consider the marital portion of the appreciation of Former Wife's house. We find the issues raised by Former Husband have merit. Accordingly, we reverse and remand.

First, the trial court erred by basing Former Wife's alimony award on a statement of expenses that included the voluntary financial support Former Wife provided to her daughter, who was not Former Husband's child, and grandchild. The daughter and minor grandchild lived with Former Wife, who paid all of the household expenses. The daughter was unemployed and did not contribute financially to the household expenses. Neither Former Wife nor Former Husband provided any evidence of the expenses attributable to Former Wife alone, rather than those attributable to her daughter and grandchild.

The trial court correctly stated, at one point, that it could not consider voluntary payments made by Former Wife to support her adult daughter and grandchild. *See Quinones v. Quinones*, 84 So. 3d 1101, 1104 (Fla. 3d DCA 2012) (holding that the trial court erred in considering the former husband's voluntary college tuition and car payments for the former couple's adult son as an expense for former husband). However, the trial court later stated, incorrectly, that "some consideration must be given to the [Former Wife's] voluntary support of her adult daughter and minor grandson in determining [her] needs." We reverse the award of alimony and remand for the trial court to make a determination of Former Wife's individual need, which must be based upon competent substantial evidence. *See* § 61.08(2), Fla. Stat. (2015); *Zinovoy v. Zinovoy*, 50 So. 3d 763, 766 (Fla. 2d DCA 2010). Former Wife, as the party seeking alimony, bears the burden of proof. *Demont v. Demont*, 67 So. 3d 1096, 1101 (Fla. 1st DCA 2011).

Second, the trial court erred by considering one-half of the marital portion of the appreciation in value of Former Wife's house as an asset of Former Husband, when

Former Wife was awarded sole ownership of the home.[1]  During their marriage, the parties lived in a house Former Wife purchased nine years before the marriage.  Former Husband does not dispute that, in general terms, the house should be awarded to Former Wife as a nonmarital asset.  Marital assets include "[t]he enhancement in value and appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both."  § 61.075(6)(a)1.b., Fla. Stat. (2015).  Here, evidence was presented that the parties used marital funds to pay a few mortgage payments and to make improvements to the house, including a new roof, an air conditioning system, new kitchen appliances, and a remodel of the garage.

The trial court determined that the total appreciation of the house was $45,850.50.  The trial court then assigned $35,000 of the passive appreciation as a nonmarital asset of Former Wife.  The trial court found that the improvements discussed above, financed with marital funds, added $850.50 to the house's value and assigned $10,000 in passive appreciation as a marital asset.  Former Husband argues that the trial court erred in the equal distribution calculations because the court concluded that Former Husband and Former Wife benefitted equally, so that each was considered to have a $5,425.25 marital asset representing the marital portion of the house's appreciated value, despite the fact that Former Wife was awarded sole ownership and possession of the house.

---

[1] The trial court repeatedly describes this appreciation as "passive."  While the majority of appreciated value was passive in nature, the court did find that a small portion of the increased value of the home was due to enhancements or improvements made to the house (non-passive).

In *Kaaa v. Kaaa*, 58 So. 3d 867 (Fla. 2010), the Florida Supreme Court addressed a case with similar facts. In *Kaaa*, the former husband purchased a home prior to the couple's marriage. 58 So. 3d at 869. The couple lived in the home throughout their twenty-seven-year marriage. *Id.* During the marriage, the couple used marital funds to pay the mortgage and undertake home improvements, thus, increasing the value of the home. *Id.* Upon the couple's divorce, the trial court found that the total enhanced value of the home was $36,679 and ordered the former husband, the homeowner, to pay the former wife, the nonowner, half of that amount as an equalizing payment. *Id.* The former wife appealed, arguing that the trial court should also have awarded her a distribution for the passive appreciation of the home, not just the enhancement value. The Florida Supreme Court held that the trial court erred in not awarding the former wife one-half payment of passive appreciation, explaining that "principles of equity do not allow an owner spouse to receive the full benefit of the passive appreciation when the nonowner spouse contributed to the property." *Id.* at 871.

In the present case, Former Husband argues that the trial court did not equalize the parties' marital assets and liabilities because it awarded sole ownership of the marital home to Former Wife but only credited her with one-half of the $10,850.50 marital portion of the appreciation. Husband is correct. As in *Kaaa*, the trial court should have either ordered Former Wife, the homeowner, to make a one-half payment of the marital portion of the appreciation of the house to Former Husband, the nonowner, or it should have credited the entire marital portion of the appreciation of the house to Former Wife when calculating equitable distribution. Therefore, we reverse and remand for the trial court to credit Former Wife with the entire marital portion of the appreciation of the house's value

4

and to recalculate any equalizing payments between Former Wife and Former Husband. An amended final judgment shall be entered to reflect changes in alimony and equitable distribution.

REVERSED AND REMANDED.

SAWAYA and BERGER, JJ., concur.