DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARICA MATYJASZEK,**
Appellant,

v.

**KEVIN R. MATYJASZEK,**
Appellee.

No. 4D17-3575

[ September 12, 2018 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Judge; L.T. Case No. 562015DR000733.

L. Lisa Batts of Stuart Law Group, P.A., Stuart, for appellant.

Troy W. Klein of Troy W. Klein, P.A., West Palm Beach, for appellee.

ARTAU, EDWARD L., Associate Judge.

The wife appeals from an Amended Final Judgment of Dissolution of Marriage, arguing that the trial court erred in using an improper fraction to measure the marital portion of passive appreciation of the wife's nonmarital real property. We agree and reverse.

### *Factual Background*

The parties married in October 2011. When the parties married, the wife owned a home that she had acquired before the marriage. At the inception of the marriage, the wife's home was worth $126,000 and was encumbered by two mortgages: a first mortgage with a balance of $166,732.38, and a second mortgage with an unspecified balance.

The second mortgage was taken at some point before the marriage. The record is conflicting as to whether the original balance of the second mortgage was $25,000 or $40,000. However, there was no evidence as to the balance of the second mortgage on the date the parties married.

During the marriage, the parties lived in the wife's home and used marital funds to make payments on the first mortgage, but never made

payments toward the second mortgage. Additionally, the husband made renovations to the house, but the value of those renovations was not quantified.

The wife petitioned for dissolution of marriage in March 2015. As of a July 2015 valuation date, the wife's home had a market value of $170,000, the first mortgage had a balance of $143,253, and the second mortgage had a balance of $57,095.

The case proceeded to a final hearing, where the evidence established the facts set forth above. The trial court then entered a Final Judgment of Dissolution of Marriage. The wife moved for rehearing of the Final Judgment, raising the same argument she raises in this appeal.[1] The trial court denied the wife's motion for rehearing, but simultaneously entered an Amended Final Judgment to correct a numerical error.

In the Amended Final Judgment, the trial court purported to apply the formula set forth in *Kaaa v. Kaaa*, 58 So. 3d 867 (Fla. 2010), and *Viscito v. Viscito*, 214 So. 3d 736 (Fla. 3d DCA 2017), to determine the marital portion of the passive appreciation of the home. The trial court found that the marital portion of the passive appreciation of the home was $81,657. In reaching this figure, the trial court did not account for the second mortgage and calculated the debt-to-value ratio at the time of the marriage to be $166,732.38/$126,000 or 1.323. The trial court next multiplied 1.323 by the $170,000 value of the property at the time of the divorce, and then subtracted the $143,253 balance of the first mortgage at the time of the divorce, which yielded $81,657. The trial court then assigned this $81,657 value to the wife's column for equitable distribution purposes, resulting in the wife having to make a $53,911.93 equalizing payment to the husband.

This appeal ensued.

### *Analysis*

The wife argues, as she did below, that the *Kaaa* fraction cannot be applied to measure the passive appreciation of nonmarital property on

---

[1] Because the error appeared for the first time on the face of the Final Judgment, the wife's motion for rehearing was a proper vehicle for preserving the issue for appellate review. *See Williams v. Williams*, 152 So. 3d 702, 704 (Fla. 1st DCA 2014) ("[W]here an error by the court appears for the first time on the face of a final order, a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal.").

which more was owed than it was worth at the time of marriage. The wife points out that this creates an improper fraction—that is, a fraction in which the numerator is larger than the denominator. The wife maintains that an improper fraction is not a mathematically valid measurement of the marital portion of the passive appreciation of the home.

"A trial court's legal conclusion that an asset is marital or nonmarital is subject to de novo review." *Mondello v. Torres*, 47 So. 3d 389, 392 (Fla. 4th DCA 2010). Likewise, a trial court's "calculation of passive appreciation is subject to a de novo review." *Hodge v. Hodge*, 129 So. 3d 441, 445 (Fla. 5th DCA 2013).

Section 61.075(6)(a)1.b., Florida Statutes (2014),[2] defines "marital assets and liabilities" as including the following: "The enhancement in value and appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both."

In *Kaaa*, the Florida Supreme Court held that "when a marital home constitutes nonmarital real property, but is encumbered by a mortgage that marital funds service, the value of the passive, market-driven appreciation of the property that accrues during the course of the marriage is a marital asset subject to equitable distribution" under section 61.075, Florida Statutes. 58 So. 3d at 872–73.

The *Kaaa* opinion sets forth a five-step method that a trial court should employ in determining a non-owner spouse's share, if any, of the passive appreciation of the home: (1) the court must determine the overall current fair market value of the home; (2) the court must determine whether there has been a passive appreciation in the property's value; (3) the court must determine whether the passive appreciation is a marital asset; (4) the court must determine the value of the passive appreciation that accrued during the marriage and is subject to equitable distribution; and (5) after the court determines the value of the passive appreciation to be equitably distributed, the court's next step is to determine how the value is allocated. *Id.* at 872.

---

[2] The 2014 version of the statute applies because it was the version in effect when the wife filed the dissolution petition in March 2015. *See Busby v. Busby*, 671 So. 2d 162, 163 (Fla. 4th DCA 1996) (finding that the applicable version of the equitable distribution statute is the one in effect when the petition for dissolution was filed); *see also* § 11.2421, Fla. Stat. (2014) (adopting the 2014 Florida Statutes, which remained in effect through June 29, 2015).

Based on the circumstances of the case before it, the *Kaaa* court approved the following language from *Stevens v. Stevens*, 651 So. 2d 1306 (Fla. 1st DCA 1995), for determining how the appreciated value is to be allocated:

> If a separate asset is unencumbered and no marital funds are used to finance its acquisition, improvement, or maintenance, no portion of its value should ordinarily be included in the marital estate, absent improvements effected by marital labor. If an asset is financed entirely by borrowed money which marital funds repay, the entire asset should be included in the marital estate. In general, in the absence of improvements, *the portion of the appreciated value of a separate asset which should be treated as a marital asset will be the same as the fraction calculated by dividing the indebtedness with which the asset was encumbered at the time of the marriage by the value of the asset at the time of the marriage.* If, for example, one party brings to the marriage an asset in which he or she has an equity of fifty percent, the other half of which is financed by marital funds, half the appreciated value at the time of the petition for dissolution was filed, § 61.075(5)(a) 2, Fla. Stat. (1993), should be included as a marital asset. The value of this marital asset should be reduced, however, by the unpaid indebtedness marital funds were used to service.

*Kaaa*, 58 So. 3d at 872 (quoting *Stevens*, 651 So. 2d at 1307–08) (emphasis in *Kaaa*).[3]

Thus, reading step five of *Kaaa* in conjunction with the italicized language of *Stevens*, we conclude that the Florida Supreme Court

---

[3] In response to *Kaaa*, the legislature recently amended section 61.075 to establish a new statutory formula—based on the total reduction of mortgage principal by marital funds—for determining the marital share of passive appreciation of nonmarital property during the marriage. *See* Laws of Fla. 2018, c. 2018-56, § 1, eff. July 1, 2018. The new formula also caps the total marital portion of the property at "the total net equity in the property at the date of valuation," and allows a party to argue that application of the formula would be inequitable under the particular facts of the case. § 61.075(6)(a)1.c.(IV), (V), Fla. Stat. (2018). If the new statutory formula were applied to this case, the husband would not be entitled to any portion of the value of the wife's home because the total net equity in the property is negative. However, the new version of the statute does not apply to this case.

4

established the following general formula[4] for allocating the value of passive appreciation to be equitably distributed:

$$\frac{\text{Mortgage Debt at Marriage}}{\text{Property Value at Marriage}} \times \text{Value of Passive Appreciation}$$

Turning to the facts of this case, we conclude that the trial court erred in using an improper fraction to calculate the portion of passive appreciation of the wife's nonmarital property that was subject to equitable distribution.

Under step four of *Kaaa*, the trial court should have determined that the value of passive appreciation that accrued during the marriage and was subject to equitable distribution was $44,000, which was the difference between the $170,000 value of the wife's nonmarital property at the time of the divorce and the $126,000 value of the wife's nonmarital property at the time the parties married.[5] Then, under step five of *Kaaa*, the trial court should have determined that, because the property had no equity when the parties married, 100% of the value of the passive appreciation was to be allocated as a marital asset.

The purpose of step five of *Kaaa* is to determine how much of the value of passive appreciation to allocate as marital property and how much to allocate as the owner spouse's nonmarital property. Notably, the *Kaaa* decision recognized that the debt-to-value ratio was merely a rule to be applied "in general." The *Kaaa* court did not address a situation where the property started with negative equity, nor did the court hold that the debt-to-value ratio is to be applied even when it leads to a mathematically absurd result. Under step five of *Kaaa*, it is mathematically impossible to allocate more than 100% of the value of the passive appreciation of the property.

---

[4] Our interpretation of the *Kaaa* formula differs somewhat from the Third District's interpretation of *Kaaa* in *Viscito v. Viscito*, 214 So. 3d 736, 738 (Fla. 3d DCA 2017). There, the Third District used the following formula to calculate the marital portion of passive appreciation: the current market value of the property, multiplied by the loan-to-value ratio at the time of the marriage, minus the current mortgage balance. *Id.*

[5] To the extent that the $170,000 value at the time of the divorce was attributable to renovations in the home, this value was never quantified. Thus, our analysis will treat the entire amount of appreciation as passive appreciation.

In this case, the answer to the allocation question is set forth in the following language from *Kaaa*: "If an asset is financed entirely by borrowed money which marital funds repay, the entire asset should be included in the marital estate." *Id.* at 872 (quoting *Stevens*, 651 So. 2d at 1307). In such a situation, a trial court need not reach the debt-to-value fraction under *Kaaa* to calculate the marital portion of passive appreciation. Here, because the wife entered the marriage with a property encumbered entirely by a mortgage which marital funds repaid, the entire value—or 100%—of passive appreciation should be included in the marital estate. Thus, the trial court erred in using a debt-to-value fraction of 1.323, which had the effect of falsely inflating the value of the passive appreciation to be allocated.

Therefore, under a correct application of the principles of *Kaaa*, the entire $44,000 value of the passive appreciation of the home was a marital asset subject to equitable distribution.[6]

Furthermore, although the husband argued below that the paydown of the first mortgage should be treated as a marital asset in addition to the passive appreciation on the property, we note that the husband has not cross-appealed the Amended Final Judgment. And, even if he had, we find that the husband offered no proof below that the total mortgage indebtedness on the property decreased during the marriage.[7]

For the foregoing reasons, we reverse the Amended Final Judgment and remand with instructions for the trial court to value the marital portion of

---

[6] We disagree, however, with the wife's argument that the marital value of the passive appreciation of the property is $26,747. The wife reached this figure by multiplying $170,000 by 100%, and then subtracting the $143,253 balance on the first mortgage. In other words, the wife's analysis relies upon the *Viscito* formula, using a coverture fraction of one and considering only the first mortgage.

[7] Although the parties reduced the first mortgage balance by $23,479 during the marriage, the second mortgage balance simultaneously increased by an unspecified amount. We find that it would have been improper to look at the paydown of the first mortgage in isolation, which is what the husband urged the trial court to do. Under section 61.075(6)(a)1.b., the husband was required to show that there was an "enhancement in value" of the wife's nonmarital property "resulting . . . from the contribution to or expenditure thereon of marital funds." § 61.075(6)(a)1.b., Fla. Stat. (2014). Thus, absent proof that the parties reduced the total mortgage indebtedness on the property during the marriage, the husband failed to make a showing that the parties' marital funds created any enhancement in the value of the home apart from passive appreciation.

passive appreciation of the wife's property at $44,000 and to adjust the equitable distribution scheme accordingly.

*Reversed and Remanded.*

LEVINE and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**