824 So.2d 293 (2002)
Robert Ware BUSH, Appellant,
v.
Nancy Tilley BUSH, Appellee.
No. 4D00-3404.
District Court of Appeal of Florida, Fourth District.
August 21, 2002.
Jorge M. Cestero of Sasser, Cestero & Sasser, P.A., West Palm Beach, for appellant.
*294 Elaine Johnson James of Nason, Yeager, Gerson, White & Lioce, P.A., West Palm Beach, for appellee.
STEVENSON, J.
In this divorce action, the parties reached an agreement on all issues except those relating to American Airlines stock options exercised by the former husband during the pendency of the dissolution proceedings. The brokerage statements reflecting that the options were exercised and the amounts received, nearly $22,000 after taxes and commissions, were before the trial court. The former husband presented largely unrebutted evidence that the majority of this $22,000 was used to pay the couple's debts, i.e., mortgage payments, attorney's fees, and utilities. The former wife argued that the couple had used the date of filing as the valuation date for all other assets and liabilities, and that since the stock options were worth approximately $43,000 at the date of filing, this amount should be included in the equitable distribution scheme. In addition, the former wife presented evidence that the former husband had spent between $4,500 and $9,000 on his new girlfriend. The trial court accepted the wife's position that the appropriate valuation date for the stock options was the date of filing, valued the stock options at $43,138, and included this amount as an asset distributed to the husband in the equitable distribution scheme. We reverse.
The former husband argues that since the stock options were exercised during the divorce and the approximately $22,000 utilized to satisfy the couple's financial obligations, they should not have been included in the equitable distribution scheme. We agree, as it is error to include in the equitable distribution scheme assets or sums that have been diminished or depleted during the dissolution proceedings. See Cummings v. Cummings, 719 So.2d 948, 950 (Fla. 4th DCA 1998)(citing Knecht v. Knecht, 629 So.2d 883, 886 (Fla. 3d DCA 1993)); see also Dal Ponte v. Dal Ponte, 692 So.2d 283 (Fla. 1st DCA 1997). For her part, the former wife suggests that the trial court's attribution of the $43,138 in stock options to the husband can be sustained on the basis of the husband's waste or depletion of marital assets on his new girlfriend. It is admittedly true that "[w]here marital misconduct results in a depletion or dissipation of marital assets, such misconduct can serve as a basis for unequal division of marital property, or can be assigned to the spending spouse as part of that spouse's equitable distribution." Romano v. Romano, 632 So.2d 207, 210 (Fla. 4th DCA 1994). We cannot agree, however, that evidence that the husband dissipated between $4,500 and $9,000 in marital assets justifies the attribution to him of $43,138 in no-longer-existing assets. Consequently, we reverse the final judgment of dissolution.
On remand, the trial court should not include assets depleted by either party in the equitable distribution scheme.[1] Of course, in re-adjusting the equitable distribution scheme in accordance with this decision, the trial judge may make allowances for any waste of marital assets on the part of the former husband. See § 61.075(1)(b), (i)-(j), Fla. Stat. (1999). We have considered the other issues raised on appeal and find no error.
REVERSED and REMANDED.
*295 MAY, J., concurs.
SHAHOOD, J., dissents with opinion.
SHAHOOD, J., dissenting.
I respectfully dissent. My review of the record indicates that there was substantial competent evidence to support the findings of the trial court with regard to the main issue in this appeal, the equitable distribution scheme.
In the Final Judgment the court found in pertinent part as follows:
... The Court also finds that there was no necessity for the Husband to exercise these options and sell the stock. The Court finds that the Husband did not prove that he needed to cash in these options in order to pay marital bills.
Appellant testified at the final hearing that there were deductions from his paycheck for airline travel for his girlfriend and her family, in excess of $4,000. In addition, appellant testified that he had expended other monies for payments to credit card companies totaling $2,627, which included in part, gifts to his girlfriend, and other payments including "repayment of loan from sister" in the amount of $2,000. Further, there was testimony that appellant spent over $400 on his charge card for golf clubs for his girlfriend's parents for which appellant testified he was "reimbursed." Clearly, appellant dissipated more than $4,500 in marital assets.
"Where marital misconduct results in a depletion or dissipation of marital assets, such misconduct can serve as a basis for an unequal division of marital property, or can be assigned to the spending spouse as part of that spouse's equitable distribution." See Romano v. Romano, 632 So.2d 207, 210 (Fla. 4th DCA 1994)(emphasis supplied). In making an equitable distribution of marital property, the trial court may consider the economic circumstances of the parties, the intentional dissipation, waste, depletion, or destruction of marital assets after the filing of the petition, and any other factors necessary to do equity and justice between the parties. See § 61.075(1)(b), (1)(k) and (1)(j), Fla. Stat. (1999).
Based on the evidence presented, the trial court, in order to do equity and justice between the parties, did not abuse its discretion in devising the equitable distribution scheme. Accordingly, I would affirm the Final Judgment of Dissolution of Marriage.
NOTES
[1] To advance her position that it was only fair that the stock options be valued as of the date of filing, July 1999, the date of valuation for the other assets and liabilities, the former wife testified that she too had been forced to deplete marital assets to support herself during the dissolution, but that such assets had nonetheless been attributed to her in the distribution scheme.