GERBER, J.
 

 In this appeal from a final judgment for dissolution of marriage, the husband argues that the circuit court erred in allocating the parties’ marital assets without accounting for the decrease in the value of his stock portfolio at the time of the final hearing. We agree and reverse.
 

 At the final hearing, the only issue which the parties presented for the court’s determination was the allocation of two marital assets: the husband’s stock portfolio and the parties’ joint bank account. The husband informed the court that, at the time he petitioned for dissolution, his stock portfolio was worth $100,555.80, of which $62,442.41 was potentially subject to equitable distribution. The husband also informed the court that the parties’ joint bank account contained $28,648.37, of which $23,062.12 was potentially subject to equitable distribution. The court then asked the parties whether adding the $23,062.12 to the $62,442.41 resulted in a total of $85,504.53 being subject to equitable distribution. Both parties agreed.
 

 The court then asked for the parties’ arguments regarding how to distribute the assets. The husband argued that the court should distribute the assets 75% to him and 25% to the wife. In support of that argument, the husband stated that he was severely injured in a traffic accident, leaving him partially disabled. The husband also stated that, since the time he petitioned for dissolution, his stock portfolio’s value decreased to $40,796.38 as a result of the overall economic decline.
 

 The wife responded that the court should distribute the assets 50% to each party. In support of that argument, the wife stated that she took care of the husband after his accident and was entitled to compensation for that work.
 

 The court orally ruled:
 

 The court, having taken ... notice of the husband’s disability, and the parties having agreed on the values of the marital assets, will exercise its discretion in adjusting the equitable distribution ... so that the wife will receive 40% and the husband will receive 60% of the marital
 
 *1203
 
 assets, valued at $85,504.53. You guys might have to check my math, but according to my calculations this means that [the] wife will receive $34,201.81. Is that correct? Okay.
 

 The court later entered a written final judgment for dissolution of marriage which mirrored its oral ruling.
 

 The husband’s appeal followed. He argues that the circuit court erred in allocating the parties’ marital assets without accounting for the decrease in the value of his stock portfolio to $40,796.38 by the time of the final hearing. He requests us to reverse the final judgment and remand for the court to 'account for that factor.
 

 We agree with the husband. Nothing in the court’s oral ruling or its written final judgment indicates that the court, in determining the allocation, considered the decrease in value of the husband’s stock portfolio. We recognize that “[t]he date for determining value of assets and the amount of liabilities identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances.” § 61.075(7), Fla. Stat. (2008);
 
 see also Byers v. Byers,
 
 910 So.2d 336, 345 (Fla. 4th DCA 2005) (“[T]he date of valuation of marital assets in dissolution proceedings is to be determined by the trial court on a case-by-case basis, depending on the facts and circumstances thereof.”) (citation omitted). However, the court’s ruling plainly indicates that the court looked only to the value of the stock portfolio at the time the husband petitioned for dissolution, and “it is error to include in the equitable distribution scheme assets or sums that have been diminished or depleted during the dissolution proceedings” unless the depletion was the result of misconduct.
 
 Bush v. Bush,
 
 824 So.2d 293, 294 (Fla. 4th DCA 2002). As we stated in
 
 Byers:
 

 [T]here frequently may be a substantial lapse of time between the date of commencement of the action and the date of trial.... Under such circumstances, the valuation of assets close to the time of trial may result in the formulation of an award consistent with the purpose of equitable distribution and insure that each spouse receives a fair share of the family assets accumulated while the marital relationship endured.
 

 910 So.2d at 345 (citation omitted).
 

 In her answer brief, the wife appears to contend that the husband invited the error by stipulating to the amounts which were potentially subject to equitable distribution at the time the husband petitioned for dissolution.
 
 See Bryan v. Bryan,
 
 930 So.2d 693, 697 (Fla. 3d DCA 2006) (“ ‘[U]nder the invited-error doctrine, a party may not make or invite error at trial and then take advantage of the error on appeal.’ ”) (quoting
 
 Goodwin v. State,
 
 751 So.2d 537, 544 n. 8 (Fla.1999)). We disagree. Although the husband indeed entered into that stipulation, he then requested the court to account for the fact that his stock portfolio’s value decreased to $40,796.38 by the time of the final hearing. The husband certainly could have made a more articulate argument by citing
 
 Bush
 
 and
 
 Byers
 
 or by informing the court only of those amounts available for equitable distribution at the time of the final hearing. However, the husband made at least a minimal argument for consideration of the decrease in the value of his stock portfolio and, therefore, did not invite the error.
 

 Because we reverse the final judgment, the husband’s second argument that the final judgment is deficient because its form allegedly does not comply with section 61.075(3), Florida Statutes (2008), is moot. On remand, however, the court shall insure that the form of the final judgment com
 
 *1204
 
 plies with the statute. We reject the husband’s other arguments in this appeal without further comment.
 

 Reversed and remanded.
 

 POLEN and HAZOURI, JJ., concur.