PER CURIAM.
Appellant Kelley Amos, the former wife, appeals the final judgment of dissolution of *980 her marriage to Warren Amos, the former husband. Ms. Amos raises three issues, two of which we affirm without further comment. We also affirm as to the issue of remote dissipation of marital assets for the reasons set forth below.
During the course of the marriage, Ms. Amos acquired a small business now known as American Home Base, Inc. (AHB). She and her brother incorporated the business, listing him as the corporate president and her as the corporate vice president. Ms. Amos retained sole ownership of the corporation’s shares. After ten years of operation, but three years prior to filing the petition for dissolution of her marriage, Ms. Amos transferred all of her shares of AHB to her brother without consideration and without the knowledge of her husband.
The question presented is whether the trial court was permitted to consider whether the transfer of shares three years prior to filing the petition was an intentional dissipation of marital assets for purposes of distributing marital assets. The applicable law, section 61.075(1), Florida Statutes, describes nine enumerated factors that a trial court must consider when making an equitable distribution of marital assets, one of which is the “intentional dissipation, waste, depletion, or destruction of marital assets after the filing of the petition or within 2 years prior to the filing of the petition.” § 61.075(l)(i), Fla. Stat. Section 61.075(1) also has a catchall in subpart (j) that is broadly written and discretionary by which a trial court may consider “[a]ny other factors necessary to do equity and justice between the parties.” Id. § 61.075(l)(j). We hold that an intentional dissipation of assets more than two years prior to the filing of a petition, here three years beforehand, may fall within the catchall of subsection (j).
In doing so, we follow the Fifth District in Beers v. Beers, 724 So.2d 109 (Fla. 5th DCA 1998), which held that a trial court may properly consider dissipation of marital assets beyond two years under the catchall provision. Section 61.075(l)(i) requires trial courts to consider intentional dissipation that occurs up to two years prior to filing the petition, but it is silent as to intentional dissipation that may have occurred more remotely in time. Read in isolation, subsection (i) would preclude a trial court from considering more remote dissipation of assets. Read in conjunction with the broadly worded and discretionary factor in subsection (j), by which trial courts may consider any factor necessary to do equity and justice between the parties, however, we conclude that the legislature did not intend to preclude consideration of dissipations beyond two years. This reading of the statute does not render the two-year limit meaningless; instead, the statutory language distinguishes between what a trial court must consider and what it may consider. As the Fifth District has held, intentional dissipation of marital assets occurring more than two years prior to a petition for dissolution may be, in some instances, a factor necessary to do equity and justice between the parties. We find the Fifth District’s analysis of remote dissipation in Beers persuasive and apply it to the instant case.
Because the trial court could, in its discretion, consider intentional dissipation occurring three years before the filing of the petition for dissolution in determining an equitable distribution of the marital estate, we find no abuse of discretion in imputing the dissipated asset to Ms. Amos. AFFIRMED.
BENTON, C.J., CLARK and MAKAR, JJ., concur.