LEVINE, J.
The husband appeals a final judgment of dissolution of marriage. He raises four issues on appeal for our consideration: 1) whether the trial court erred in ordering him to maintain life insurance to secure alimony and child support; 2) whether the trial court erred in including diminished or depleted assets as part of the equitable distribution scheme; 3) whether the trial *1054 court erred in failing to schedule telephone contact and therapy for the children with the husband; and 4) whether the trial court erred in the distribution of the real property between the parties. We find the last two issues to be without merit and, as such, we affirm without further comment. As to the first two issues we find merit, and as such we reverse and remand.
The parties were married in 1994, and a petition for dissolution of marriage was filed in 2009. Two children were born of the marriage in 1997 and 1999. The wife was not employed and had not worked during the sixteen-year mairiage. The husband worked as a painting contractor for his own company. The parties’ tax returns reflected adjusted gross income of $394,510 in 2006, $269,014 in 2007, $116,055 in 2008, and $71,467 in 2009.
The trial court entered a final judgment of dissolution of marriage, which awarded the wife durational alimony of $1,500 a month for fourteen years. The court ordered the husband to maintain a life insurance policy in the amount of $50,000, naming the wife as the beneficiary in order to secure the payment of alimony. The trial court also ordered the husband to pay $656 per month for child support, as well as $100 per month to pay for $1,800 in arrear-ages. The husband was further required to purchase at least $150,000 in life insurance to secure the payment of child support.
In distributing the marital assets, the trial court attributed to the husband $117,315, which was the value of a bank account more than a year before trial. The trial court recognized that the value of the account had fallen to $3,284, but the court determined that the husband had “not properly accounted for the dissipation of this asset.” From this final judgment, the husband appeals.
We review for abuse of discretion that portion of the judgment mandating the purchase of insurance to secure alimony and child support. See Konsoulas v. Konsoulas, 904 So.2d 440, 445 (Fla. 4th DCA 2005). A trial court has the authority to order a party to obtain life insurance to secure the payment of alimony and child support. §§ 61.08(3), 61.13(l)(e), Fla. Stat. (2011). “[H]owever, the trial court must make specific evidentiary findings regarding the availability and cost of insurance, the obligor’s ability to pay, and the special circumstances that warrant the requirement for security of the obligation.” Foster v. Foster, 83 So.3d 747, 748 (Fla. 5th DCA 2011). “The failure to make the necessary findings” to support an order requiring the maintenance of life insurance to secure the payment of alimony or child support “constitutes reversible error.” Id.
In the present case, the trial court did not make a specific finding of special circumstances. Additionally, the trial court did not make the required findings as to the availability and cost of insurance and the husband’s ability to pay. Further, the trial court erred by naming the wife as the beneficiary of the life insurance policy securing the payment of child support. See Layeni v. Layeni, 843 So.2d 295, 300 (Fla. 5th DCA 2003). Accordingly, we reverse and remand for the trial court to make the requisite findings, including whether special circumstances are present, and if such special circumstances are present, for an evidentiary hearing on the availability, cost, and the husband’s ability to pay any insurance required by the trial court. If all the above are met, and the trial court orders life insurance to secure child support, then the trial court should require that the children be designated as the beneficiaries of the life insurance policy purchased to secure the child support payment.
*1055 The husband also contests the trial court’s inclusion of depleted or diminished assets as part of the equitable distribution. The husband challenges the fact that the trial court attributed to him the value of $117,815 for a specific bank account, despite the fact that the value was only $8,284 at the time of trial. “The standard of review of a trial court’s determination of equitable distribution is abuse of discretion.” Bardowell v. Bardowell, 975 So.2d 628, 629 (Fla. 4th DCA 2008) (citation omitted).
As a general rule, “it is error to include in the equitable distribution scheme assets or sums that have been diminished or depleted during the dissolution proceedings.” Tillman v. Altunay, 44 So.3d 1201, 1203 (Fla. 4th DCA 2010) (quoting Bush v. Bush, 824 So.2d 293, 294 (Fla. 4th DCA 2002)). Only where there is “evidence of the spending spouse’s intentional dissipation or destruction of the asset, and the trial court ... make[s] a specific finding that the dissipation resulted from intentional misconduct” can that dissipated asset be included within the equitable distribution. Roth v. Roth, 973 So.2d 580, 585 (Fla. 2d DCA 2008). Intentional misconduct is demonstrated by evidence that the marital funds were used for one party’s “own benefit and for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown.” Id. (quoting Romano v. Romano, 632 So.2d 207, 210 (Fla. 4th DCA 1994)).
In the present case, no testimony was presented with respect to the bank account except as to the balance of money in the account. There was no testimony as to how the funds were used or if the funds were used for a purpose unrelated to the marriage. Finally, the trial court did not make a finding of intentional misconduct by the husband related to the reduced balance in the bank account. Therefore, the inclusion of the depleted asset in the equitable distribution by the trial court was error.
In summary, we find error in the inclusion of a depleted asset in the equitable distribution and in requiring life insurance policies securing the alimony and child support obligations, without the requisite findings and evidence. We reverse and remand to the trial court for proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

TAYLOR and CIKLIN, JJ., concur.