WALLIS, J.
Mario Lopez (“Former Husband”) challenges the equitable distribution scheme of an amended final judgment that dissolved the marriage between Former Husband and Margarita Lopez (“Former Wife”). Because the trial court improperly allocated the full value of a depleted asset, including all tax consequences, to Former Husband in the equitable distribution scheme, we reverse.
The parties were married nearly thirty-eight years at the time Former Wife filed for dissolution. Former Husband worked for Waste Management, Inc., during the marriage and contributed to a retirement account with the company (the “401(k)”). During the lower proceedings, Former Husband worked as a garbage collector for a different company, earning a gross wage of $8,776.78 per month. Former Wife did not have any significant means of income; however, the parties shared a small rental income from a marital property. After Former Wife filed her petition for dissolution, Former Husband liquidated the 401(k) — then valued at $76,718. He was taxed $15,843.74 on the liquidation. Former Husband expended a large portion of the 401 (k) funds on attorney’s fees for himself and Former Wife. He also spent some of the funds on property taxes for marital property and home repairs.
The final judgment stated, in pertinent part, as follows:
Pursuant to this Court’s Amended Order Implementing a Standing Temporary Order for Dissolution of Marriage Actions With or Without Minor Children ... “[njeither party may ... dissipate the value of an asset ... [or] waste jointly owned funds ... except funds may be spent for necessities of life. The use of funds or income after separation must be accounted for and justified as reasonable and necessary for the necessities of the party ... Attorney’s fees and costs are necessities and must be accounted for.”
[Former] Husband, unilaterally and without authorization from the Court, liquidated the entire 401(k) account in December 2010, incurring an income tax liability of $15,343.74 and netting the sum of $61,374.94....
The Court concludes, therefore, that [Former] Husband’s actions in this regard were intentional, wrongful and contrary to the Court’s Standing Order. He wasted and dissipated the 401(k) account by liquidating the entire account, without court approval and without the [Former] Wife’s assent. [Former] Husband deprived [Former] Wife of the opportunity to take a part of the 401(k) account in equitable distribution by a qualified domestic relations order (QDRO), effectively deferring any tax liability whatsoever, and incurred an unnecessary tax liability on account funds that did not need to be liquidated. [Former] Husband testified, and this Court accepts, that he spent $9,500 of this sum on attorney’s fees and costs for the wife, and approximately $30,500 of this money on attorney’s fees for himself and for *328 taxes, insurance and maintenance on the marital properties. [Former] Husband was not able to explain, however, why the withdrawal was necessary to pay taxes and insurance on the marital properties which had previously been paid for out of regular income. There was some suggestion that [Former] Husband used regular income to pay for purchases to benefit his paramour, and for a vacation with his paramour. A balance of $21,401.68 of the 401(k) proceeds remains.
This Court finds that the entire 401 (k) account is a marital asset, and because of [Former] Husband’s wrongful conduct in liquidating the entire account, that the just and equitable date for determining value of the asset is December 2010, at the time [Former] Husband liquidated the account. The Court further finds that it would be appropriate to assess the entire account value, less permitted and appropriate expenditures, to [Former] Husband as and for equitable distribution, and that [Former] Husband should bear the entire tax consequence of liquidation.
(Emphasis Added). The equitable distribution scheme attached to the final judgment awarded $36,745.42 to Former Husband as “Retirement Account (current balance plus tax liability).” The court allocated $101,728.21 in marital assets to each party.
Former Wife filed a motion for rehearing requesting the court, in part, to allocate the entire preliquidation amount of the 401(k) to Former Husband. The court subsequently amended the final judgment and removed the portion of the final judgment that deducted “permitted and appropriate expenditures” from the 401 (k) allocation; thus, the court awarded the entire $76,718.68 to Former Husband, which in-eludes all tax consequences and nearly $40,000 in attorney’s fees. Former Husband argues that this was error. We agree.[1]
This Court reviews a trial court’s final judgment dissolving a marriage for an abuse of discretion. See Vitalis v. Vitalis, 799 So.2d 1127, 1130 (Fla. 5th DCA 2001) (“In a dissolution proceeding, the trial court possess [sic] broad discretion to do equity between the parties.” (citing Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980))). It is not this Court’s position to reevaluate the evidence; rather, we must simply determine whether the trial court’s judgment is supported by competent, substantial evidence. Id. (citing Deakyne v. Deakyne, 460 So.2d 582, 583 (Fla. 5th DCA 1984)).
“As a general proposition, it is error to include assets in an equitable distribution scheme that have been diminished or dissipated during the dissolution proceedings.” Roth v. Roth, 973 So.2d 580, 584 (Fla. 2d DCA 2008) (citing Cooper v. Cooper, 639 So.2d 153, 155 (Fla. 2d DCA 1994); Bush v. Bush, 824 So.2d 293, 294 (Fla. 4th DCA 2002); Knecht v. Knecht, 629 So.2d 883, 886 (Fla. 3d DCA 1993)). However, “if marital misconduct results in the depletion or dissipation of a marital asset, a trial court may make an unequal distribution of marital property, or may assign the asset to the dissipating spouse as part of that spouse’s equitable distribution.” Karimi v. Karimi, 867 So.2d 471, 475 (Fla. 5th DCA 2004) (citing Bush, 824 So.2d 293; Romano v. Romano, 632 So.2d 207 (Fla. 4th DCA 1994)). One party’s use of an asset out of necessity and for reasonable living expenses does not justify an award of a depleted asset absent evidence of misconduct. Id. (citing Cooper, 639 *329 So.2d 153; Knecht, 629 So.2d 883; Akers v. Akers, 582 So.2d 1212 (Fla. 1st DCA 1991)). Attorney’s fees spent on the dissolution of the marriage are considered reasonable living expenses. See, e.g., Levy v. Levy, 900 So.2d 737, 746 (Fla. 2d DCA 2005) (holding that trial court erred in assigning depleted asset to former wife when she spent asset funds on attorney’s fees and living expenses). The misconduct must be an intentional dissipation or destruction of the asset for one party’s own benefit and for a purpose unrelated to the marriage, not simply mismanagement or squandering of funds in a way that the other spouse disapproves. Roth, 973 So.2d at 585 (citing Segall v. Segall, 708 So.2d 983, 986 (Fla. 4th DCA 1998); Levy, 900 So.2d at 746).
Here, the trial court found misconduct because Former Husband spent a portion of his monthly income on his girlfriend — which it reasoned would normally be available to pay for property taxes and home improvements. This finding, however, does not permit the court to allocate depleted funds that were properly used, such as attorney’s fees. See, e.g., Bush v. Bush, 824 So.2d 293, 294 (Fla. 4th DCA 2002) (holding that evidence that former husband improperly spent up to $9,000 of marital funds on his girlfriend, does not justify attribution of $43,138 in no-longer-existing assets). Indeed, the trial court’s amended final judgment properly acknowledges that attorney’s fees are “necessities.” Therefore, the only depleted funds that should be allocated to Former Husband are those that the trial court found were spent on Former Husband’s girlfriend — not the 401(k)’s entire previous balance of $76,718.68.
The trial court also allocated the entire 401(k) tax burden of $15,343.74 to Former Husband. Such distribution presupposes that Former Husband liquidated the 401(k) to improperly dissipate the funds on his girlfriend and fails to account for the overwhelming purpose of the 401 (k) liquidation — the nearly $40,000 in attorney’s fees. The attorney’s fees expense constituted roughly 65% of the after-tax value of the 401(k). There is no indication in the record that Former Husband would have been able to pay the attorney’s fees from his net income of $3,047.52 per month, considering his other monthly expenses. Additionally, the parties did not have any other assets from which Former Husband could draw funds to pay for the litigation. Therefore, because the 401 (k) was liquidated primarily and necessarily for the payment of legitimate expenses— attorney’s fees — the trial court erred by allocating the tax consequences solely on Former Husband. See Vaccaro v. Vaccaro, 677 So.2d 918, 922 (Fla. 5th DCA 1996) (“One party should not be charged with the full value of an asset that is burdened with an inevitable payment of taxes.”).
Accordingly, we reverse and remand for the trial court to reconsider the distribution of marital assets consistent with this opinion. We affirm the amended final judgment in all other respects.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
LAWSON and BERGER, JJ., concur.

. Former Wife has not provided this Court with the benefit of an answer brief.