GERBER, J.
This is an appeal from the circuit court’s order granting the former wife’s amended sworn motion for summary judgment, which sought an interim partial distribution of marital assets in a dissolution of marriage case. The former husband’s estate [1] argues that the former wife was not entitled to the interim partial distribution because she did not show the statutorily-required good cause. We agree with the estate and reverse.
The good cause requirement for an interim partial distribution arises from section 61.075(5), Florida Statutes (2012). Section 61.075(5), in pertinent part, states:
If the court finds good cause that there should be an interim partial distribution during the pendency of a dissolution action, the court may enter an interim order that shall identify and value the marital and nonmarital assets and liabilities made the subject of the sworn motion, set apart those nonmarital assets and liabilities, and provide for a partial distribution of those marital assets and liabilities.
(a) Such an interim order shall be entered only upon good cause shown and upon sworn motion establishing specific factual basis for the motion. The motion may be filed by either party and shall demonstrate good cause why the matter should not be deferred until the final hearing.
[[Image here]]
(d) As used in this subsection, the term “good cause” means extraordinary circumstances that require an interim partial distribution.
§ 61.075(5), Fla. Stat. (2012) (emphasis added).
Here, the former wife’s sworn motion did not expressly address section 61.075’s good cause requirement. Instead, the former wife alleged that, pursuant to a pretrial stipulation, the parties agreed to divide certain of their liquid assets equally, but after the pretrial stipulation, the former husband continued to retain the former wife’s one-half share. The former wife further alleged that the former husband, at his deposition, acknowledged that she was entitled to her one-half share:
Former Wife’s counsel: Is there any doubt in your mind that you owe your wife the [one-half share] as of today? Any doubt?
Former Husband: No.
After citing other similar deposition excerpts, the former wife’s motion argued: “In light of the Husband’s [repeated] testimony acknowledging that the Wife is ... entitled to the [one-half share], it is enigmatic to the Wife that he could contest this Motion and continue to withhold the dollars; nevertheless, the Husband continues to do so.”
The former husband’s memorandum in opposition argued that the former wife’s motion offered no showing of good cause, that is, extraordinary circumstances which required an interim partial distribution of *379 her one-half share. The former husband pointed out that the stipulation upon which the former wife relied created no entitlement for the former wife to receive her one-half share before trial or a final settlement. The former husband also reminded the court that the former wife requested the same interim partial distribution in two prior motions in the prior two years, and the court denied both motions because the former wife had not shown good cause. The former husband further argued that the former wife could not show good cause for the interim partial distribution because she already had received a stipulated eight-figure interim partial distribution during the dissolution proceedings.
After a non-evidentiary hearing, the circuit court granted the motion. This appeal followed.
Normally, we would review an order granting an interim partial distribution for an abuse of discretion. Cf. Zvida v. Zvida, 103 So.3d 1052, 1055 (Fla. 4th DCA 2013) (“The standard of review of a trial court’s determination of equitable distribution is abuse of discretion.”) (citation and quotations omitted). However, because the former wife sought the interim partial distribution through a motion for summary judgment, our review is de novo. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000) (standard of review of an order granting a motion for summary judgment is de novo).
We conclude that the former wife did not show without genuine issue of material fact that extraordinary circumstances required an interim partial distribution of her one-half share of the liquid assets. See id. (“Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.”). As the husband’s memorandum in opposition argued, the former wife’s motion offered no showing of good cause, that is, extraordinary circumstances which required the interim partial distribution. Thus, the circuit court should have denied the former wife’s motion pending trial, at which time the court could have included the former wife’s one-half share as part of its determination of whether to impose an equal or unequal distribution of the parties’ marital assets and liabilities pursuant to section 61.075(1), Florida Statutes (2012).

Reversed.

WARNER and CIKLIN, JJ„ concur.

. After the former husband filed the initial brief, the former husband passed away. The former husband’s personal representative has substituted for the former husband.