DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BONNIE JEAN PLATT,**
Appellant,

v.

**MINOR J. PLATT, JR.,**
Appellee.

No. 4D13-1578

[May 13, 2015]

Appeal and cross-appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Paul B. Kanarek, Judge; L.T. Case No. 312011DR 001208FR.

Amy D. Shield and Roger Levine of Amy D. Shield, P.A., Boca Raton, and Sullivan & Sullivan, Vero Beach, for appellant/cross-appellee.

Billie Jo Hopwood of Platt Hopwood, Melbourne, for appellee/cross-appellant.

PER CURIAM.

Bonnie Jean Platt ("appellant") appeals the trial court's final judgment of dissolution of marriage. Minor J. Platt ("appellee") cross-appeals the same judgment. The main issue at trial concerned whether non-marital property owned by appellee should be included in the equitable distribution of marital assets due to appellant's contributions to the property during the marriage.

After the case was filed, the appellant took jewelry and appellee's guns from the house and sold them. Based on the evidence presented the court found that the value of the guns was $6,500.00, with the jewelry valued at $6,200.00. The trial court then incorporated the total value appellant received from these sales into her equalizing amount of the equitable distribution, but made no finding that appellant engaged in intentional misconduct when she sold the jewelry and the guns.

This court has previously held:

> As a general rule, "it is error to include in the equitable distribution scheme assets or sums that have been diminished or depleted during the dissolution proceedings." *Tillman v. Altunay,* 44 So. 3d 1201, 1203 (Fla. 4th DCA 2010) (quoting *Bush v. Bush,* 824 So. 2d 293, 294 (Fla. 4th DCA 2002)). Only where there is "evidence of the spending spouse's intentional dissipation or destruction of the asset, and the trial court . . . make[s] a specific finding that the dissipation resulted from intentional misconduct" can that dissipated asset be included within the equitable distribution. *Roth v. Roth,* 973 So. 2d 580, 585 (Fla. 2d DCA 2008). Intentional misconduct is demonstrated by evidence that the marital funds were used for one party's "own benefit and for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown." *Id.* (quoting *Romano v. Romano,* 632 So. 2d 207, 210 (Fla. 4th DCA 1994)).

*Zvida v. Zvida,* 103 So. 3d 1052, 1055 (Fla. 4th DCA 2013) (alteration in original).

Both parties have conceded on appeal that the trial court erred by distributing these values to appellant in the equitable distribution because the items were sold to pay reasonable living expenses that stemmed from debts incurred during the marriage and the pendency of the dissolution.

Therefore, we remand this case back to the trial court to recalculate the equitable distribution of the parties' assets and liabilities in accordance with this concession of error. Specifically, $6,500.00 should be deducted from appellant's share for the sale of appellee's guns, and $6,200.00 should be deducted for the sale of the jewelry. We affirm the court's final judgment in all other respects.

*Affirmed in part, Reversed in part and Remanded.*

DAMOORGIAN, C.J., TAYLOR and KLINGENSMITH, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

2