DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT JOSEPH WATFORD,**
Appellant,

v.

**FONDA KAY WATFORD,**
Appellee.

No. 4D15-1605

[ May 18, 2016 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Krista Marx, Judge; L.T. Case No. 50 2014 DR 002292 XXXX NB FI.

J. Harley Toufanian of The Law Office of Cyrus K. Toufanian, P.A., West Palm Beach, for appellant.

Joseph J. Mancini of The Kessler Law Firm, Fort Pierce, for appellee.

PER CURIAM.

Robert Watford ("Former Husband") appeals the Final Judgment of Dissolution of Marriage, challenging the trial court's award of alimony to Fonda Watford ("Former Wife"), equitable distribution, and award of attorney's fees to Former Wife. We agree with his arguments and reverse.

The parties were married for sixteen years. Former Wife did not hold steady employment during the marriage, but sometimes performed with her band at bars and restaurants. At the time of the trial, she had gone back to school and secured a part-time job with hopes of it turning into a full-time job. Former Husband operated his own air conditioning business. In 2014, Former Wife petitioned for dissolution of the marriage. After a trial, the trial court entered the Final Judgment of Dissolution, finding Former Husband's *gross* annual income was $86,500, and awarding Former Wife $1,200 a month in alimony for a period of ten years. Finding Former Husband had dissipated marital funds from the IRA, the trial court ordered him to pay Former Wife an extra $7,500 in equitable distribution from the early withdrawn IRA funds, in addition to the $8,067.39 that she had already received from the IRA. The trial court also

awarded attorney's fees to Former Wife.

In awarding alimony, a trial court must "consider all relevant factors, including, but not limited to" those listed in section 61.08. § 61.08(2), Fla. Stat. (2014). Here, the Final Judgment did not include factual findings as to each of the factors listed in the statute. *See Gray v. Gray*, 103 So. 3d 962, 966 (Fla. 1st DCA 2012) ("A final judgment is legally deficient where it fails to include sufficient findings of fact to support the alimony award in light of the section 61.08(2) factors."). There is no competent, substantial evidence supporting the finding that the Former Husband's gross income was $86,500, and the trial court erroneously used Former Husband's gross income as opposed to his net income in calculating alimony. *See Rentel v. Rentel*, 124 So. 3d 993 (Fla. 4th DCA 2013) ("Net income rather than gross income is relevant when calculating support awards, including alimony."). Additionally, there was no evidence Former Husband's withdrawal from the IRA resulted from intentional misconduct. *See Zvida v. Zvida*, 103 So. 3d 1052, 1055 (Fla. 4th DCA 2013).

As to the award of attorney's fees to Former Wife, while the trial court found she had the need for attorney's fees, it did not make any findings as to Former Husband's ability to pay, or as to the reasonableness of the hourly rate and hours expended. Thus, the award of attorney's fees to Former Wife was error. *See Rosen v. Rosen*, 696 So. 2d 697, 699 (Fla. 1997).

Accordingly, because the trial court erred in making the above findings, we reverse and remand for the trial court to make all the necessary findings. On remand, the trial court will have to reevaluate Former Wife's need for attorney's fees and Former Husband's ability to pay the fees. *See Segall v. Segall*, 708 So. 2d 983, 989 (Fla. 4th DCA 1998) ("[W]here . . . the results of an appeal materially change the parties' abilities to pay, the issue of attorneys' fees must be revisited upon remand to the trial court.").

*Reversed and Remanded.*

STEVENSON, GERBER and LEVINE, JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**

2