# Third District Court of Appeal

## State of Florida

Opinion filed January 22, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0431
Lower Tribunal No. 21-19592-FC-04
_____

**April Michener,**
Appellant/Cross-Appellee,

vs.

**Michael Michener,**
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Multack, Judge.

April Michener, in proper person.

Kenny Leigh & Associates and Brian P. North (Huntersville, NC), for appellee/cross-appellant.

Before FERNANDEZ, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, April Michener, the former wife, appeals from a final judgment of dissolution. On appeal, she asserts the trial court abused its discretion in awarding appellee, Michael Michener, the former husband, an equalizing payment of approximately $137,776.00 as compensation for the spoliation of his nonmarital property. The former husband cross-appeals, contending the trial court erred in ordering inconsistent death provisions with regard to the parties' Federal Employees Retirement System ("FERS") benefit distributions. We reverse as to the appeal and summarily affirm as to the cross-appeal.[1]

## I

The parties were married for eleven years. After they separated, the former wife destroyed or disposed of a portion of the former husband's extensive nonmarital memorabilia collection, which included various books, Star Wars toys, celebrity and family photographs, a sketch of Cal Ripken, Jr., a vintage poster, a handmade football, and an engraved watch. The parties expressed uncertainty as to whether the spoliation extended to a baseball card collection and NASCAR collectables. The former husband valued the

---

[1] See Fla. Fam. L. R. P. 12.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule.").

spoliated items at a high of $14,500.00 on his financial affidavit. At trial, he testified that many of the items were irreplaceable and therefore priceless.

The parties were both participants in Thrift Savings Plans ("TSPs"), a retirement savings and investment plan for federal employees. At the time of trial, the former husband's account was valued at $1,078,810.26, while the former wife's account was valued at $803,257.08. Both parties also maintained retirement benefit accounts with unknown values in the FERS program, another retirement program for federal employees.

In the final judgment, the trial court equally distributed the marital assets and liabilities, save for the TSPs. The court ordered that each party would retain the full value of his or her respective TSP. To justify the unequal distribution, the court referenced the former wife's destruction of the former husband's memorabilia collection.

The former wife sought rehearing, but the former husband did not. The trial court denied the motion, and these appeals ensued.

## II

We review an equitable distribution determination for an abuse of discretion. See Viscito v. Viscito, 214 So. 3d 736, 737 (Fla. 3d DCA 2017).

## III

3

In Florida, marital dissolution proceedings are in chancery, where principles of equity and fairness govern the ultimate resolution. See § 61.011, Fla. Stat. (2021) ("Proceedings under this chapter are in chancery."); Rosen v. Rosen, 696 So. 2d 697, 700 (Fla. 1997) ("[P]roceedings under chapter 61 are in equity and governed by basic rules of fairness as opposed to the strict rule of law."). The court is required to assign each spouse his or her nonmarital assets and liabilities and apply an initial presumption in favor of equal distribution of marital assets and liabilities. See § 61.075(1), Fla. Stat. (2021). An unequal distribution may be warranted upon consideration of all relevant factors, including those delineated in section 61.075(1), Florida Statutes.

As pertinent to this dispute, the statutory factors include:

(g) The contribution of each spouse to the acquisition, enhancement, and production of income or the improvement of, or the incurring of liabilities to, both the marital assets and the nonmarital assets of the parties.

      *                *                *

(i) The intentional dissipation, waste, depletion, or destruction of marital assets after the filing of the petition or within 2 years prior to the filing of the petition.

(j) Any other factors necessary to do equity and justice between the parties.

§ 61.075(1), Fla. Stat.

It is axiomatic that the statute does not specifically address the intentional destruction of nonmarital property. But because the former wife's actions deprived the former husband of personal property to which he would be otherwise entitled, we find no error in the trial court's consideration of this factor under the broad catchall of "other factors necessary to do equity and justice between the parties." See § 61.075(1)(j), Fla. Stat.; see also Amos v. Amos, 99 So. 3d 979, 980 (Fla. 1st DCA 2012) ("We hold that an intentional dissipation of assets more than two years prior to the filing of a petition, here three years beforehand, may fall within the catchall of subsection (j)."); Pachter v. Pachter, 194 So. 3d 567, 569–70 (Fla. 4th DCA 2016) ("Because the Former Husband's fraudulent behavior deprived the Former Wife of money she would otherwise have had access to, prior to the sale of the home (when the equalizing payment is to be made) for payment of the expenses of the home, it is reasonable that the trial court should require the Former Husband to pay the expenses.").

We agree, however, with the former wife that the former husband assigned a material value of $14,500.00 to the spoliated items in his affidavit. And "the sentimental interest of one party in . . . property cannot take priority over financial fairness to the other party." Thomas-Nance v. Nance, 189 So. 3d 1040, 1042 (Fla. 2d DCA 2016). Absent further specific testimony as to

value, equating the value of the memorabilia with the overage in the former husband's TSP fails for want of competent, substantial evidence and creates an unwarranted windfall. We are therefore constrained to reverse and remand for further proceedings.

Affirmed in part; reversed in part; remanded.