# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1053
LT Case No. 2021-DR-000514-A

_____

WILLIAM WALSH,

    Appellant,

    v.

NICOLE WALSH,

    Appellee.

_____

On appeal from the Circuit Court for St. Johns County.
Howard Ogle McGillin, Judge.

Clyde M. Taylor, III, of Taylor & Waldrop, St. Augustine, for Appellant.

Jonathan J. Luca, of Jonathan J. Luca, P.A., St. Augustine, for Appellee.

December 19, 2025

PER CURIAM.

    William Walsh ("Former Husband") and Nicole Walsh ("Former Wife") are parties in this marital dissolution appeal. Former Husband appeals the trial court's supplemental final judgment as well as the order denying his motion for rehearing. Former Husband alleges that the trial court erred in the valuation

of his Fidelity retirement account, in the designation of $60,000 in funds from Former Husband's father as a gift instead of a loan, and in the distribution of Quad Staffing cash. We reverse solely as to the first issue and remand for the trial court to reconsider the value of the Fidelity retirement account for equitable distribution.

In general, in order to "include dissipated assets in an equitable distribution scheme, the court must make a 'specific finding that the dissipation resulted from intentional misconduct.'" *Schroll v. Schroll*, 227 So. 3d 232, 236 (Fla. 1st DCA 2017) (quoting *Bateh v. Bateh*, 98 So. 3d 750, 753 (Fla. 1st DCA 2012)). A case out of the Fourth District, *Zvida v. Zvida*, 103 So. 3d 1052 (Fla. 4th DCA 2013), is instructive. In *Zvida*, the husband contested the inclusion of a depleted asset as part of the equitable distribution, specifically challenging "the fact that the trial court attributed to him the value of $117,315 for a specific bank account, despite the fact that the value was only $3,284 at the time of trial." *Zvida*, 103 So. 3d at 1055. The Fourth noted that

> *no testimony was presented with respect to the bank account except as to the balance of money in the account.* There was no testimony as to how the funds were used or if the funds were used for a purpose unrelated to the marriage. Finally, the trial court did not make a finding of intentional misconduct by the husband related to the reduced balance in the bank account.

*Id.* (emphasis added). The Fourth District concluded that "the inclusion of the depleted asset in the equitable distribution by the trial court was error." *Id.*

Here, the trial court, in review of the affidavits, worksheets, and testimony, made a determination of an apparently depleted asset without making a finding of intentional misconduct; instead the trial court noted it *suspect*ed Former Husband may have *likely* been part of the cause. The trial court's determinations here do not rise to the level of a "specific finding" that the account had dissipated due to intentional misconduct. Thus, reversal as to this issue is warranted and a remand is necessary for the trial court to reconsider the value of the Fidelity retirement account for equitable distribution.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

MAKAR, HARRIS, and SOUD, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————